Minshall, J.
The question presented in this case concerns the constitutional validity of section 3461, Revised Statutes. The section reads as follows:
“When any lands authorized to be appropriated to the use of a company are subject to the easement of a street, alley, public way, or other public use, within *450 the limits of any city or village, the mode of use shall be such as shall be agreed upon between the municipal authorities of the city or village and the company; and if they cannot agree, or the municipal authorities unreasonably delay to enter into any agreement, the probate court of the county, in a proceeding instituted for the purpose, shall direct in what mode such telegraph line shall be constructed along such street, alley, or public way, so as not to incommode the public in the use of the same; but nothing in this section shall be so construed as to authorize any municipal corporation to demand or receive any compensation for the use of a street, alley, or public way, beyond what may be necessary to restore the pavement to its former state of usefulness.”
The section as enacted related to telegraph companies, but was subsequently made applicable to telephone companies.
Under favor of the section just quoted, the Zanesville Telephone and Telegraph Company commenced a proceeding in the probate court of the county, averring its corporate capacity and right to use the streets and alleys of the city in locating its line therein, and averring that the city had unreasonably failed to agree with it in regard to the use of its streets and alleys, and asking the court to take action under this section and to fix the mode of use of all streets, etc., to be appropriated to the use of the company, subject to its easement therein. The matter was heard; but the court finally dismissed the petition on the ground that the power sought to be conferred on the court by this section- is not judicial. The matter was taken on error to the court of common pleas and the judgment was affirmed. It was then taken on error to the circuit court, where the judgment of the common pleas *451 was reversed and the cause remanded to the probate court for further proceedings. Error is prosecuted here to reverse the judgment of the latter court.
If the power conferred on the probate court by section 3461 is legislative or administrative, and not judicial, in character, it'cannot be maintained that the section is a valid one. The distribution of the powers of government, legislative, executive and judicial, among three co-ordinate branches, separate and independent of each other, is a fundamental feature, of our system of constitutional government. In the preservation of these distinctions is seen, by many able jurists, the preservation of all the rights, civil and political, of the individual, secured by our free form of government; and it is held that any encroachment by one upon the other, is a step in the direction of arbitrary power. In Dash v. Van Kleeck, 7 John., 477, it is said by Kent, C. J.: “It is a well settled axiom that the union of these two powers (the legislative and judicial) is tyranny. Theorists and practical statesmen concur in this opinion.” See further, 1 Bl. Comm., 269; Spirit of Laws, bk. 11, c. 6; Kilbourn v. Thompson, 103 U. S., 191. And the very fact that the powers of government are so distributed by the constitution is regarded as, of itself, a prohibition against the power of one department being conferred on another, though such express language is not found in the instrument. The probate court belongs to the judicial department of our state government, so that the question at once arises, what is the nature of the power conferred by this section on the probate courts of the several counties of the state? Is it judicial power? If not, the section cannot be supported as a valid one.
*452 The power conferred is invoked where any lands authorized to be appropriated to the use of a company are subject to the easement of a street, etc., within the limits of a city or village; and the mode of use cannot be agreed upon by the municipal authorities and the company, or the former unreasonably delays -to enter into an agreement. In such case the probate court, in a proceeding instituted for the purpose, is required to direct in what mode such telegraph (or telephone) line shall be constructed in the streets, etc., of the city. It must be manifest that this section does not confer the right upon a company to use the streets of the city. It recognizes the fact that the streets and alleys belong to the city and are primarily within its control; and provides a mode by which the company may acquire the right to use the same. First, by agreement with the city; and if this cannot be obtained, then the probate court is empowered, in a proceeding commenced by the company, to direct the mode in which the streets maybe used by the company. We fail to perceive that any judicial power is here conferred on the court. It is either legislative or administrative, most probably the former in so far as it prescribes the mode of use; but neither of these powers is judicial in character. It is true that courts do exercise certain administrative powers. They may appoint receivers and master commissioners and some of their other officers; but these powers are only such as are properly incidental to their powers as a court. They have also at times been authorized to make appointments in other departments; and when they act, their appointments have, in some instances, been sustained; but it has never been held that they could be compelled to make such appointments; for the reason that such appointments *453 are not judicial in character. In this case the court is not required to hear and determine a disputed right upon issues joined between the parties and to apply the law to the facts as they are found. This is the essential and distinctive feature of judicial power. We quote in this connection the appropriate language of Judge Cooley: “That which distinguishes a judicial from a legislative act is, that the one is a determination of what the existing law is in relation to some existing thing already done or happened, while the other is a predetermination of what the law shall be for the regulation of future cases falling under its provisions.” Constitutional Limitations, 108. Further on he says: “An-ordinance regulating a street is a legislative1 act beyond the control of the judicial power of the state.” The Supreme Court of Connecticut, in The Norwalk Street Railway Company’s Appeal, 69 Conn., 576, has recently passed on the question presented in this case. A statute of the state gave to a street railway company the right to appeal to the superior court of the state, when the municipal authorities failed for a limited time to exercise their powers'to regulate the location and construction of street railways within their limits. The court held, in an elaborate and well reasoned opinion, that, “The power of regulating the location and operation of street railways, given to the local municipal authorities by a statute of the state, clearly falls without the limits of the judicial department. Nor can the exercise of such power become a judicial, function, merely because a statute of the state gives to the railway company a right of appeal to the superior court or any judge thereof, when the municipal authorities fail to exercise their power within a limited time. Such ‘appeal’ is not a process to invoke judicial power, *454 but is merely an application to tbe court or judge, acting in the place or stead of tbe municipal authorities, to exercise a legislative function.” See also the following cases: Hayburn's Case, 2 Dall., 409; U. S. v. Ferreira, 13 How., 40; 10 Minn., 78.
In the case before us tbe company presented an ordinance embodying a mode of use as it desired it, tbe city presented one on tbe same subject, but differing in its terms from that of tbe company; arid, not being-able to agree, tbe company filed its petition in tbe probate court. Consequently all tbe court could do would be to prescribe an ordinance for tbe city regulating tbe mode in which the company might use its streets. It seems then too clear for argument that tbe power invoked is none other than tbe power, by ordinance, to regulate tbe use of tbe city’s streets and alleys by tbe company. A power primarily in the city, legislative in character, but lost to it and conferred on tbe probate court by its failure to act in a reasonable time.
Tbe judgment of the circuit court will be reversed, and that of tbe common pleas and probate courts will be affirmed, except that tbe judgment for costs in the latter court will be reversed, Norton v. McLeary, 8 Ohio St., 205.

Judgment accordingly.

On rehearing tbe judgment was affirmed. See s. c. 64 Ohio St., 67.