CHANCERY. Slaughter's Adm'rs. *vs* Slaughter's heirs and creditors.

*Case 120.* ERROR TO THE CASEY CIRCUIT.

*Practice in Chancery. Liens. Distribution of estates.*

*July 6.* JUDGE BRECK delivered the opinion of the Court.

It was no abuse of the discretion of the Circuit Judge to reject the application of a complainant to re-commit a case for the proof of addi-

THE application of Stephen H. Slaughter, to open the decree and to re-commit the case to the commissioner to enable him to prove additional claims against his intestate, was not made till nearly five years after the exhibition of his original bill, nor till after the rendition of the final decree. Besides, the facts stated in the petition were wholly unsupported, except by his

own affidavit.  Under such circumstances we are not prepared to say the Court erred in overruling the motion. '

The objection that the Court below did not settle the alledged partnership between S. H. Slaughter and his intestate, and that the partnership assets were not first applied to the payment of the debts of the firm, is not valid.  No settlement of that kind is sought in the original bill, and what were partnership debts does not satisfactorily appear from the record; but besides, no exceptions were taken in the Court below, by either of the complainants, now plaintiffs in error, to the report of the master commissioner, and it is too late to take them in this Court.  In case of a palpable mistake or error upon the face of the report, this Court might be inclined to correct it, although no exception had been taken in the Circuit Court, but no such mistake or error, to the prejudice of the plaintiffs, is apparent in this record.

We are further of opinion that as Oliver Slaughter died after he arrived at the age of twenty one, that no interest in the land devised to him by his grand-father, passed to the plaintiff, James.  It was upon the contingency of his death before he reached that age, that the devise over to James was to take effect.  The construction contended for by counsel, would cut off the issue of Oliver, if he had left any, which we cannot suppose was the intention of the testator.  But in the distribution of the proceeds of the sale of the land, we are of opinion the Court below erred in giving Robards priority and directing the payment of the whole of his debt. The fact that he had obtained a judgment against the administrators and the heir, and had actually levied his execution upon the land before the administrators exhibited their bill for a settlement of the estate, under the act of 1839, gave him no available lien under that act, over other creditors.  Upon the bill of the administrators, the Chancellor was right in restraining the sale of the land under the execution of Robards.  The statute subjects the land as well as the personalty, to the payment of the debts of the intestate and vests the

SLAUGHTER'S
ADM'RS.
vs
SLAUGHTER'S
HEIRS, &C.

tional claims against the estate of a decedent, made after five years from the time of filing his original bill and after decree, when the facts which were the grounds of the application rest upon his affidavit alone.

Exceptions to reports of commissioners should be taken in the Circuit Court, but where palpable error appears, upon the report itself, this Court will correct it.

Chancellor with power to decree a sale thereof; and directs that the proceeds of the sale shall be paid to creditors in like manner as is provided for their payment out of the personal estate and slaves.

The liens intended by the 3d sec. of the statute of 1839, relating to the distribution of estates, are such liens as existed at the death of the intestate, and not such as were afterwards acquired by judgment or execution.

The liens embraced in the provisos to the third section of the act, are in our opinion, liens which existed at the death of the intestate; and that no subsequent lien can be acquired by judgment and execution, which will defeat a *pro rata* distribution among all the creditors. The proviso clearly refers to liens upon the personalty and slaves as well as upon land, and we cannot suppose that it was contemplated to give any execution creditor any preference in reference to one species of property or the other, unless the lien was actually acquired by a levy in the lifetime of the intestate.

It results that the Court below erred in directing the whole of Robard's claim to be paid out of the proceeds of the land. He was entitled to no priority over other general creditors.

For this error alone, the decree is reversed and the cause remanded, that the decree may be corrected as herein indicated.

*Harlan & Craddock* for plaintiffs; *B. & A. Monroe* for defendants.