## Sullivan v. Sullivan, et al.

(Decided February 21, 1912.)

### Appeal from Hardin Circuit Court.

1. Commissioner— Report — Exceptions — Judgment — Reversal. — A judgment confirming a commissioner's report will not be reversed as to findings which were not excepted to, the chancellor not having had an opportunity to pass on the errors complained.

2. Improvements—Enhancement of the Value of the Land—Timber Used for Improvements.—In an action to recover land and for an accounting the defendant should not be charged with the value of timber cut from the land and used in making permanent improvements on the land, as this item is necessarily included in determining to what extent the improvements have enhanced the value of the land.

W. A. BARRY, GEORGE HOLBERT and T. L. EDELEN for appellant.

JAMES MONTGOMERY for appellees.

· OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing on original appeal and affirming on cross appeal.

Appellees, B. A. Sullivan, John B. Sullivan, Burlin Sullivan and Eliza J. Sullivan, were owners as tenants in common of eighty-three acres of land situated in Hardin County, Kentucky. The land was sold at a judicial sale, and purchased by appellant, J. P. Sullivan as trustee for appellees. The purchase price was $400. After several years, appellant, claiming to have purchased the interests of the owners, obtained a deed from the commissioner. Appellees brought this action to recover the land and for an accounting. Appellee admitted holding the land as trustee, but pleaded that he had bought the interests of the cestuis que trustent. The court below decided in favor of appellant. On appeal to this court, that judgment was reversed, the court being of the opinion that appellees were entitled to recover. The cause was remanded with directions to sell the land, and refer the case to the commissioner for a settlement of the accounts between the parties. Sullivan, et al. v. Sullivan, 30 Ky. Law Rep., 541.)

Upon the return of the case the commissioner sold the land for $1,500. The commissioner reported that the value of the land when appellant took possession of it was $500. When he made his report he valued the land at $1,650. He reported that the improvements placed upon the land by appellant had enhanced its value $600. He fixed the rents and interest at $1,120, and the timber cut by appellant at $450. Charging appellant with these two items and crediting him with the enhancement of the land, he found that appellant owed appellees $970. On the other hand, he found that the amount of money advanced by appellant to J. B. Sullivan, with interest, was $229.62, leaving a balance due him by appellant of $12.88. The amount with interest advanced to B. A. Sullivan was $296.67, leaving B. A. Sullivan indebted to J. P. Sullivan in the sum of $54.17. The advancement to Eliza J. Sullivan, with interest, amounted to $229, leaving due her by appellant a balance of $13.50. The advancement to Berlin Sullivan, with interest, amounted to $170.42, leaving due him by appellant, a balance of $72.08.

Appellant excepted to only one item of the commissioner's report, that of $450 for timber cut. Appellees excepted to the item of $600 for improvements, while B. A.

Sullivan and E. J. Sullivan excepted to certain advancements charged to them. Save the exceptions of B. A. Sullivan, the exceptions were all overruled, and the report confirmed. From the judgment entered by the chancellor, J. P. Sullivan appeals, and appellees prosecute a cross appeal.

While counsel for appellant earnestly insist that the commissioner and the chancellor erred in fixing the rents and interest too high and the improvements too low, we can not reverse as to these items for the reason that they were not excepted to by appellant, and the judgment as to them simply confirms the commissioner's report. To hold otherwise would be to reverse the chancellor on a matter not brought to his attention. (Magruder, et al. v. Ericson, 146 Ky., 89.) However, appellant did except to the item of $450 for timber cut. It appears from the record that a portion of this timber was used in improving the place, while the remainder was either sold to other parties or used elsewhere by appellant. Manifestly appellant should not be charged with the value of the timber used to improve the land, as this item was necessarily included in determining the extent to which the value of the land was enhanced by the improvements. Upon the return of the case, therefore, the commissioner will hear proof, and determine the value of the timber used on the land and the value of the timber removed, and appellant will be charged only with the value of the timber removed.

We see no reason to disturb the judgment on the cross appeal of appellees, for a careful consideration of the record convinces us that the judgment, if anything, is even more favorable to appellees than the facts warrant.

Judgment affirmed on cross appeal and reversed on original appeal, and cause remanded for proceedings consistent with this opinion.