## Town of Highland Park v. Wilson.

(Decided December 12, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Court Commissioners—Exceptions—Sufficiency of.—Where a case has been referred to a master commissioner the party complaining of the report must file specific exceptions to the findings complained of. A general exception, as, for example, an exception to the whole report, is too general and will be disregarded.

2. Court Commissioners—Exceptions—Sufficiency of.—Exceptions to a report should be precise and raise well defined issues and should point out the particular error or defect complained of.

3. Court Commissioners—Exceptions to Report When Not Necessary to Make Errors Available.—Where there is a palpable mistake or error upon the face of the report the court may correct it although no exception has been taken.

4. Court Commissioners—Exceptions.—Where a commissioner reported that one of the parties owed the other several distinct items of debt and the complaining party filed exceptions to the report "as a whole" but only excepted specifically to one finding, the only finding that was available as error in this court was the one specifically excepted to.

5. Court Commissioners—Exceptions—Issues Made By Pleadings Will Not Save Waiver in Failing to File Exceptions.—Findings in the report not specifically excepted to will be confessed as correct although issues may have been made concerning them in the pleadings.

6. Court Commissioners.— Jurisdiction — Amount in Controversy —Where the only specific exception to a finding in a commissioner's report was to a finding that allowed less than $200.00, that item will be the amount in controversy, in this court, although the commissioner allowed claims amounting to over $500.00.

LAWRENCE F. SPECKMAN for appellant.

PERRY, SAVAGE & DUFFY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Dismissing appeal.

On this appeal the contentions of counsel for the appellant town, which an inspection of the record shows to be lacking in merit, will not be considered, because, for reasons to be stated, this court has no jurisdiction of the appeal.

A suit in equity was brought by the town of Highland Park against Wilson, who had been town marshal, asking that the disputed accounts of the parties be settled and the case be referred to the master for that purpose. Subsequently a common law suit was brought by Wilson against the town seeking to recover certain sums alleged to be due him. Afterwards, this common law suit was transferred to the equity court and consolidated with the suit of the town against Wilson for an accounting.

When the suits were consolidated, by agreement of parties the case was referred to the commissioner "for the purpose of auditing the accounts between plaintiff and defendant and for all other purposes that may be necessary." Pursuant to this order the commissioner made a report finding that "Wilson on a settlement of accounts between himself and the town was entitled to

$511.51, made up of $130.88, the ten per cent commission for collecting the sidewalk assessments for 1910 and 1911; $344.17 for collecting taxes in 1912, and $23.40 for collecting sidewalk assessments in 1912; advertising delinquent tax bills $13.00.''

To this report the town filed the following exception: ''Comes the plaintiff, town of Highland Park, by counsel and excepts to the commissioner's report filed herein on June 22, 1918, as a whole and specifically as follows: 1. Allowing defendant the sum of $130.88 as commissions on collecting sidewalk money, as same was barred by the ruling of Judge Field and by the statute of limitations.''

When the exception filed came to be heard by the lower court it was overruled in an order reciting that ''this action having been heard and submitted and the court being sufficiently advised overrules the exception of the town of Highland Park to that part of the commissioner's report embracing the item of sidewalk assessments for 1910 and 1911 amounting to $130.88; it further appearing that no other exceptions to said commissioner's report were filed.'' Accordingly judgment went against the town for the amount found due Wilson by the commissioner.

It is provided in section 950 of the Kentucky Statutes that ''no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money, . . . if the value in controversy be less than five hundred dollars, exclusive of interest and costs,'' and further provided that ''When the amount in controversy is as much as two hundred dollars, exclusive of interest and costs, and less than five hundred dollars, a party desiring to prosecute an appeal may do so, . . .'' and the court may in its discretion grant an appeal. It therefore appears that if there is a judgment for the recovery of money and the amount in controversy is less than ''two hundred dollars exclusive of interest and costs'' this court has no jurisdiction of an appeal from the judgment.

As this was a judgment for the recovery of money the question is—what is the amount in controversy on this appeal? The solution of this question depends on whether the amount in controversy is the full amount of the judgment, $511.51, or $130.88.

It will be observed that the matters in dispute between the parties were by consent referred to the commissioner of the court to state the accounts and report the amount, if any, due by either to the other; that the commissioner found that the town was indebted to Wilson on account of four separate and distinct claims asserted by him representing in the aggregate $511.51; and that the town excepted to the report as a whole, and specifically to the item allowing him $130.88.

In vol. 8, Encyc. of Pl. & Pr., page 283, the rule is laid down and supported by numerous authorities, that "Objections to the report of a referee, commissioner, or master in chancery, cannot be raised for the first time on appeal. Exceptions are necessary to authorize a review thereof, and a failure to take them is equivalent to an admission of the correctness of the report. Thus exceptions are necessary to preserve for review any error in the findings of fact, as that they were not supported by the evidence, or that they fail to include all the issues. Where a party is dissatisfied with the findings he should make distinct exceptions, so that the court can readily understand what matters are at issue between the parties. . . Exceptions to a report should be precise and raise well defined issues, and should point out the particular error or defect complained of. . . . It cannot be objected for the first time on appeal that the judgment is in excess of the amount claimed in the complaint, or that it is in excess of the amount actually due."

In Magruder v. Ericson, 146 Ky. 89, the court approved the following rule found in Henderson's Chancery Practice, section 456: "Proper practice in equity requires that exceptions to the report of a master should point out specifically the errors upon which the party relies, not only that the opposite party may be apprised of what he has to meet, but that the master may know in what particular his report is objectionable, and may have an opportunity of correcting his errors or reconsidering his opinions. Cases are referred to a master, not on account of his assumed superior wisdom, but to economize the time and labor of the court, and as exceptions are usually filed to his report, if they are so general as to require a rehearing of the entire case, there is really nothing saved by a reference. A party com-

plaining of the finding of a master 'must put his finger on the point of which he complains.' If he does not do so no court of review can regard it. The rules upon this subject are tending rather to increased strictness, and not at all to relaxation. They have their foundation in a just regard to the fair administration of justice, which requires that, when an error is supposed to have been committed, there should be an opportunity to correct it at once, before it has had any consequences; and does not permit a party to lie by without making his objection, and take the chances of success on the grounds on which the judge has placed the cause, and then, if he fails to succeed, avail himself of an objection which, if it had been stated, might have been removed.''

An exception to the rule that exceptions filed to the report of the master commissioner must point out specifically the errors complained of was made in Slaughter's Admr. v. Slaughter's Heirs, 8 B. Mon. 482, where the court said: "But besides, no exceptions were taken in the court below, by either of the complainants, now plaintiffs in error, to the report of the master commissioner, and it is too late to take them in this court. In case of a palpable mistake or error upon the face of the report, this court might be inclined to correct it, although no exception had been taken in the circuit court, but no such mistake or error, to the prejudice of the plaintiffs, is apparent in this record.''

The question here, however, does not fall within the exception pointed out in the Slaughter case, because there is no palpable mistake or error upon the face of the report.

The commissioner had before him certain facts in dispute and on these facts he came to the conclusion set forth in his report. In circumstances like these we will not under the settled practice disturb the finding of the commissioner and the judgment thereon, although it might be made to appear in briefs of counsel that the commissioner and judge had fallen into error.

Obviously any other procedure would result in the destruction or serious impairment of the practice requiring specific exceptions to the findings of the commissioner. The very purpose of exceptions is to bring to the attention of the court alleged errors in the report of the commissioner that may have resulted from his mis-

understanding or misapplication of the facts considered by him in making his report.

Looking now again to the exception filed by counsel for the town it is apparent that he only pointed out specifically one error in the report of the commissioner. The general exception to the report "as a whole" did not comply with the letter or the spirit of the practice in regard to the sufficiency of exceptions and will be disregarded. An exception to the report "as a whole" does not call the attention of the court to any particular error, and if such an exception was allowed to be sufficient it would put on the court the duty of examining the entire case, and plainly such an exception would be of no help to the court in ascertaining the particular matter counsel excepting complained of.

A rule analogous to the one requiring that exceptions shall specify the matter complained of is found in the decisions construing section 340 of the Civil Code, which, after pointing out several specific errors for which a new trial may be granted, further provides that a new trial may be granted "for errors of law occurring at the trial;" or if the "verdict or decision is contrary to law."

In considering the sufficiency of grounds for a new trial this court in many cases has held that a motion for a new trial merely stating that the "verdict or decision is contrary to law" or that "errors of law" occurred at the trial is not sufficient to be available on appeal.

In McLain v. Dibble, 13 Bush 297, the court in discussing this question said: "This court has in several unpublished opinions held that in order to take advantage of the errors intended to be embraced by this subsection, the party must specify the particular error complained of. The lawmakers generalized in order to cover all errors to which exceptions might be taken, not embraced by some one of the preceding seven subsections; but they did not intend that the entire trial and every step taken in it should be opened, and the circuit court compelled to review each and every ruling excepted to, in order to discover whether or not any of them had prejudiced the unsuccessful party, by the mere act upon his part of adopting their language.

"The ground for the new trial must be specified, otherwise the party excepting will be regarded as having waived the supposed error."

And again in Louisville and Nashville Railroad Company v. McCoy, 81 Ky. 403, the court said in speaking of the McLain case: "That case holds correctly that the language of the eighth subsection, which authorizes a new trial for 'error of law occurring at the trial, and excepted to by the party making the application,' was the generalization of the lawmakers, and not sufficiently specific to point out the particular error which might be intended by the written grounds. That subdivision makes every error of law which may be committed, and properly excepted to during the trial, a cause for a new trial.

"Hence, when the cause for a new trial is embraced by it, the particular ground or cause must be named in the written grounds with such a degree of certainty that a person of good understanding may know what is meant. . . . The object of the motion and grounds for new trial is to call the attention of the trial court to any error that may have been committed at the trial, and to allow an opportunity, without the expense and delay of an appeal, of correcting it. This being so, all that is necessary in any case is to use such plain and intelligible language in the grounds for a new trial as indicates, points out, or shows to the court, with reasonable and ordinary certainty, the particular errors which are complained of so as to enable the court, by the exercise of proper attention, to understand what errors are meant, and to reconsider the facts or law out of which they are alleged to have grown. Unreasonable particularity or technical accuracy in the description of the errors, is not required or practicable, either in the grounds for new trial or the assignment of errors. To describe each error, with every particularity belonging to it, would swell the grounds for new trial, and the assignment of errors beyond their necessary or proper compass. The law does not mean that the grounds for new trial shall contain a particular description of the errors relied on, but that the particular errors shall be simply pointed out or indicated in a common sense way."

In Meaux v. Meaux, 81 Ky. 475, the court in commenting on the insufficiency of a ground for a new trial "because of errors of law occurring at the trial" said: "Such a ground brings up for revision before the trial court and this court the entire record, and requires an

examination of every step taken, for the purpose of ascertaining whether any error exists to the prejudice of the party complaining. It is too general, and will be disregarded."

The propriety of requiring that an exception to a commissioner's report shall point out definitely as a ground for a new trial the error complained of is apparent when it is considered for a moment how much time and labor are saved to the court by a specific exception.

An attorney who is familiar with his case is presumed to understand the parts of a report that he desires to complain of or take exception to, and only those errors in the findings that are pointed out by him in the exceptions need be considered by the lower court or this court, subject to the exception found in the Slaughter case, *supra*

As to the findings not specifically excepted to, the lower court and this court will treat them as approved by the parties. The failure of a party to except to any one or more findings is in effect saying to the court that the findings not excepted to are correct and you may enter judgment accordingly.

Nor will it make any difference that issues have been formed in the pleadings as to matters in the commissioner's report not excepted to; because the parties will be taken as having consented that judgment may go as to such parts of the report as are not specifically excepted to, although they may have made an issue concerning the parts not excepted to in their pleadings.

It results from what we have said that the only finding of the commissioner complained of in the lower court or that is available as error on this appeal is the one relating to the item of $130.88.

Therefore, as the amount in controversy in this court is only $130.88 the appeal must be dismissed for want of jurisdiction.