## Lauderbach, et al. v. Lewis.

(Decided March 9, 1926.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—Depositions are Considerd by Court of Appeals as though Unobjected to at Trial, Unless Excepted to in Lower Court, and Exceptions Saved to Court's Ruling.—Unless exceptions to depositions are made in lower court and ruled on, and exceptions saved to court's ruling, Court of Appeals will treat depositions as if no exceptions or other question had been made to competency of witness or relevancy of testimony.

2. Judgment—No Abuse of Discretion in Submitting Case and Entering Judgment Held Shown, Where Delay of Five Years was Due to Defendants, Who were Given Ample Opportunity to Prepare.—Where delay of five years in submitting case was due to frequent delays and continuances by defendants, who were given ample opportunity to prepare their case, but failed to do so, it was not an abuse of discretion by trial court to submit case and enter judgment for plaintiff.

3. Quieting Title—Legal Title Holder and Possessor May Sue to Quiet Title, without Reference to Time when Possession of Title was Acquired (Kentucky Statutes, Sec. 11)—Under Kentucky Statutes, section 11, one having both legal title and possession of lands may sue to quiet title against any person setting up claim thereto, without reference to time when possession of title was acquired.

4. Quieting Title—Evidence, in Action to Quiet Title, held Sufficient to Establish Plaintiff's Title.—In action to quiet title, evidence held to show that plaintiff's patents covered and embraced all land described in his petition, and no more and was sufficient to establish plaintiff's legal title.

SAMPSON & SAMPSON for appellants.

CLAY & CARTER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

This equitable action to quiet title was commenced by J. B. Lewis in the Harlan circuit court against William J. Louderbach, George A. Ranney and J. A. Chapman, to remove a cloud from his title to a large boundary of land described in the petition as lying on Little and Big Black mountains, in Harlan county, contiguous to the Virginia State line and embraced in and covered by a number of patents from the Commonwealth

of Kentucky to certain named patentees and by them and their grantees conveyed to appellee, J. B. Lewis. The petition was filed August 13, 1918, and summons duly issued upon that date. A warning order was also taken. The defendants moved to quash the return of the sheriff on the summons, and this motion was sustained but later the defendants answered and denied the title of plaintiff to the lands in controversy, and by a second paragraph averred that the defendants were the owners and in possession of all the lands described in the petition, and averred they and those under whom they claimed had so owned and claimed the land and been in the actual, open, notorious, continuous and peaceable adverse possession thereof, claiming it to the full extent of the boundary against the whole world to well marked and defined lines and corners for a period of more than fifteen years next before the commencement of the action. A reply denying the affirmative allegations of the answer made up the issues. The answer was not filed until January 8, 1919, but the reply was filed January 9, 1919. On February 7, 1919, the plaintiff took proof attaching to his deposition all the patents, deeds and other evidences of title in his chain from the Commonwealth, and this deposition was promptly filed in court. On April 30, 1919, the plaintiff moved the court to submit the cause for judgment but the defendant objected to the submission. The court granted appellants until the 25th day of May term, 1919, to show cause why the case should not be submitted for judgment. Then came the appellants and moved the court for an order of survey, and this was granted, Fox and Peck, surveyors of Big Stone Gap, Virginia, being designated in the order to do the work. Some other orders with respect to the survey of the lands were made from time to time but no survey was ever made under the order. On April 22, 1920, appellee moved to set aside the order of survey and submit the case, to which appellants objected. Again, on the 16th of January, 1921, appellee moved to set aside and vacate the order of survey, and this motion was sustained. Following this, on October 7, 1922, appellee again moved the court to submit the case to which the defendant objected and the court took time. Later, on February 13, 1923, plaintiff again moved to submit the case, the appellants objected and the court gave appellants until the 9th day of the term to make a showing. On that day the appellant

moved for a continuance and for an order of survey and for leave to further cross-examine the plaintiff, and in support to these motions filed the affidavit of William Sampson, attorney for appellants. Appellee, J. B. Lewis, filed two counter affidavits and objected to the continuance and insisted upon the submission of the case, whereupon the court submitted the cause and entered judgment in favor of Lewis, quieting his title to the lands described in the petition, and enjoining the appellants from entering on the lands or interferring with the peaceable possession of the same by appellee, Lewis. Before this judgment was entered appellants filed exceptions to the deposition of John B. Lewis as a whole and filed exceptions to certain numbered questions in that deposition and the answers given thereto, but these exceptions were never pressed and no order is found in the record either sustaining or overruling them, or in any way passing upon them. The rule is well established that unless exceptions to depositions are made and ruled on in and by the lower court and exceptions saved to that court's ruling, this court will treat the depositions as if no exceptions or other question had been made to the competency of the witness or to the relevancy of the testimony. Hancock, et al. v. Chapman, et al., 170 Ky. 99; Hatfield v. Hatfield, 166 Ky. 761; Highland Park v. Wilson, 186 Ky. 237; Corn v. Sims, 60 Ky. 397; Skidmore v. Harris, 157 Ky. 761. The exceptions filed by the appellants to the deposition of J. B. Lewis must, therefore, be treated as waived by them, and that deposition considered as evidence in support of appellee's claim of right to the peaceable enjoyment of the lands in question.

Appellants' principal contention, however, is that the court erred in submitting the cause for judgment over their objection without allowing them time in which to take evidence or to have the survey of lands made in accordance with the order entered early in the prosecution of the case. The cause was filed in 1918, and was not submitted until 1923, a period of about five years, although the appellee filed his reply the next day after appellants filed their answer and counterclaim, and immediately thereafter took and filed his proof. The balance of the delay was occasioned, as the record shows, by appellants. They did not take or attempt to take any evidence although they were objecting to the submission of the case at every term of the court. The frequent motions of the appellee, Lewis, to submit the case at suc-

ceeding terms was resisted by appellants. Their atten-
tion, therefore, was frequently directed to the necessity
of immediate preparation of the case. The trial court
was very indulgent of appellants and gave them every
fair opportunity to take proof and otherwise prepare
their case. They failed to do so and the trial court would
have abused a sound discretion if it had refused to
sustain appellee Lewis' motion to submit the case at the
term at which the submission was had.

It is next insisted by appellants that the plaintiff,
Lewis, was not entitled to maintain a suit to quiet his
title because he had only recently taken actual possession
of the land and then only for the purpose of bringing and
maintaining this action against appellants. Under sec-
tion 11 of our statutes it is lawful for any person having
both the legal title and possession of lands, to institute
and prosecute a suit in equity in the court of the county
where the land, or some part thereof, lies, against any
other person setting up claim thereto to quiet the plain-
tiff's title and this without reference to the time when
the plaintiff acquired actual possession of the land or be-
came invested with legal title.

The validity of the patents under which appellee,
Lewis, claims is challenged by appellants, it being as-
serted by them that these grants were obtained through
fraud on the part of the patentees and the county officials
making and entering surveys. There is, however, no
tangible evidence worthy of name introduced to support
these contentions. In 1882 a survey was made beginning
on certain named marked trees at the Virginia state line
on top of the mountain where Big Black mountain and
Little Black mountain intersect, thence running a south-
ernly course with the Virginia line and the top of the
mountain for a number of miles. At the end of each 40
poles a corner was established and a boundary laid off
40 poles wide on the Virginia line, thence running almost
at right angles a northernly course to a stake, thence an
easternly course 40 poles to a stake; thence a line parallel
with the second line a southernly course 800 poles to the
beginning, containing 200 acres, each succeeding patent
commencing on the southwestern corner of the last one
before, all connected up in this fashion so as to make a
contiguous boundary. The lands in controversy here
are covered by about eight of those patents, but the
nearest one to the beginning corner on the Virginia line
at the intersection of Big Black mountain and Little

Black mountain is about ten miles. However, the base line from which these surveys were laid off, continued for about ten additional miles from the beginning corner of the first patent under which appellee, Lewis, now claims. In filing his title papers appellee, Lewis, put in evidence copies of each of the patents under which he claims and also deeds from the grantees in the patents making up a complete chain of title down to appellee, Lewis, for each of the boundaries described in the eight patents, but in doing so appellee, Lewis, stated in evidence that the patents filed by him and upon which he relied for title, all taken together cover and embrace the boundary of land described in the petition but he did not state just what part of the boundary claimed by him was covered by each patent, except that he explained how the boundaries adjoined and lay with reference to each other, and of this appellants now complain insisting that his evidence is not sufficiently definite under the rule recognized in the recent case of Napier v. Combs, 204 Ky. 774, 265 S. W. 313, to establish his right to the lands in controversy, or at least not sufficient to show his title to all of the lands, it being insisted by appellant that it was encumbent upon appellee, Lewis, to identify the land covered by each title paper filed by him, and that he cannot file twenty or more title papers with the general statement that they all cover lands where there are large tracts involved and where there are different patents claimed under and by him, no one of which is specifically located, and such general statement is not sufficient to entitle him to relief. In the Napier-Combs case *supra,* the plaintiff introduced ten or more title papers covering large tracts of land containing many times the acreage in dispute, and claimed that somewhere in the boundary covered by the patents was located the lands in dispute but in no way identified the title paper covering the disputed boundary. There was no plat or map locating or identifying lands and the court was unable to determine whether the lands in controversy were covered by the deeds and patents filed by the plaintiff or not, so the matter was left in doubt. Here the witness filed the patents, stated their relation one to another, and that he claims all the lands described by the several patents and that the several patents cover and include the whole boundary and no more, described in the petition. This made quite a different situation from that presented by

the record in the Napier-Combs case upon which appellants rely. The evidence satisfactorily shows that the patents introduced in evidence by appellee, Lewis, covered and embraced all the lands described in the petition and no more. The oral evidence given by appellee, taken in connection with the patents and mesne conveyances are and were sufficient, under the state of the record, to establish appellee Lewis' legal title to the lands described in the petition back to the Commonwealth.

A careful examination of the record discloses no substantial error to the prejudice of appellants, the judgment is, therefore, affirmed.