## Litteral v. Burris' Executor.

(Decided October 4, 1929.)

758

STATON & KEESEE for appellant.

W. K. STEELE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

W. S. Litteral and F. W. Burris were partners in business for nine or ten years; then they disagreed and were unable to settle their partnership affairs. They resorted to the court, and W. S. Litteral has brought the matter to this court, and is complaining of the action of the trial court in dismissing a counterclaim for $22,100, which he made against Burris.

This partnership was formed in 1910, and at that time these partners engaged in the timber business. To this business the partners added a mercantile business in 1916. They had great confidence in each other, and did an enormous business in a most unbusinesslike way, never making any settlements and keeping their records · and accounts with but little regularity. The result was their inability to settle, and on January 13, 1919, Burris sued Litteral, and attached the partnership property, claiming Litteral was insolvent and had converted to his own use several thousand dollars of the partnership property. Litteral in answer denied all this, and made a counterclaim against Burris as stated, and on his motion this cause was referred to the master commissioner "for the settlement of accounts," and the partnership property placed in the hands of a receiver.

This property has been sold, the proceeds divided, and that is not before us. By agreement of the parties they met on September 10, 1919, and F. W. Burris began giving his deposition. After a few days so spent, during which time Burris gave testimony, which, with the exhibits filed, makes up 619 pages of this record, the following appears: "At this point the plaintiff and defendant and their attorneys agree that the further taking of the depositions shall be discontinued and for the purpose of trying to adjust the matters by arbitration."

In July, 1921, Burris died testate. On December 13, 1921, the notary prepared and signed a certificate to these depositions in which this appears: "The witness did not sign the stenographer's notes, neither did the parties waive the signature of the witness, for the reason that the depositions were discontinued for the time being, for the purpose of trying to adjust the matters. between the plaintiff and defendant by arbitration, and the further taking of the depositions was never resumed."

On February 22, 1922, this cause was revived against W. K. Steele, executor of Burris. On May 12, 1922, without notice to any one, Litteral begain giving his deposition, and it, with the exhibits, occupies 537 pages of this record.

On June 12, 1922, these depositions, duly certified, were filed by the notary, and ten days thereafter, and at the same term of the court, the executor of Burris filed exceptions to these depositions for these reasons: "(1) The depositions were taken without notice. (2) The depositions are not signed by witnesses. (3) This cause is before the master commisioner, and the taking of the depositions was without his knowledge or consent, and taken in his absence."

On August 10, 1922, the incompleted deposition of Burris mentioned above was filed. On December 23, 1924, the master commissioner made a report indicating Litteral should recover of Burris $27,789.94, to which two days thereafter the executor of Burris filed exceptions. On May 2, 1925, the court sustained these exceptions, quashed the depositions filed on behalf of Litteral, gave him leave to retake them, and referred the cause back to the commissioner to hear proof and report. To this order Litteral did not except.

This order of the court was plain, and should not have been misunderstood. These depositions were quashed and Litteral had not excepted; that put them out of this record just as effectually as if they had been put in the fire, yet Litteral seemed to think all he had to do to revive them was to submit himself to cross-examination, and, having given notice that he would take depositions, when the parties met on July 8, 1925, Litteral presented himself for cross-examination, and the attorney for the executor of Burris declined to cross-examine him at that time. Litteral's attorney asked him a few questions, and the attorney for the executor of Burris cross-

760

examined him upon those matters only. The depositions were filed June 21, 1925, and on the next day exceptions were filed thereto, because Litteral was testifying for himself about transactions with Burris, who was dead.

On November 25, 1925, the executor of Burris dismissed his action without prejudice, but the action was left on the docket for trial of the issue made by Litteral's counterclaim. J. R. Johnson asked to be relieved as commissioner, and F. W. Stowers was appointed in his stead. On December 10, 1926, Stowers filed a very lengthy report, in which he recommended that the partnership property be equally divided and the counterclaim of Litteral be dismissed.

Litteral filed exceptions to this report on April 6, 1927, complaining of it in a general way as incorrect, more confusing than the record, and other similar charges, but nowhere pointing out any errors therein. The court overruled his exceptions and rendered a judgment conforming to the commissioner's report, and Litteral appeals.

Litteral cannot complain of the court's action in overruling these exceptions, as the exceptions filed failed to point out any alleged errors therein: "A party complaining of a master's report should point out, by exceptions, any errors therein and thus afford the master an opportunity of correcting his errors, if any, or of reconsidering his opinion." See Town of Highland Park v. Wilson, 186 Ky. 233, 216 S. W. 370; Wilson v. Smoot, 186 Ky. 194, 216 S. W. 129; Hustonville & C. M. T. R. Co. v. McAninch's Adm'r, 182 Ky. 786, 207 S. W. 458; Magruder v. Ericson, 146 Ky. 89, 141 S. W. 1195; Sullivan v. Sullivan, 147 Ky. 48, 143 S. W. 744; Slaughter v. Slaughter, 47 Ky. (8 B. Mon.) 482.

In the Slaughter case we said: "In case of a palpable mistake or error upon the face of the report, this court might be inclined to correct it, although no exception had been taken in the circuit court." That might induce us to review this case, even though no proper exceptions were filed, for Litteral did show by competent witnesses that Burris had made admissions tending to show there was something due Litteral; for example, the evidence is Burris said to two witnesses that he had $1,500 or $2,000 in the business, and Litteral from $35,000 to $40,000, but should we undertake to do this we would be confronted by the failure of Litteral to retake the depositions that

were quashed. In subsection 2 of rule V of this court this is found: "In the argument of facts in the body of the brief shall be cited the page or pages of the bill of evidence on which may be found the supporting testimony." This rule was adopted for the benefit of litigants; it is a part of our efforts to discover the truth and to establish justice. Litteral heeded it not.

On page 41 of his brief he lists, among other items to be charged to Burris, this: "No. 914. Mar. 1st, 1913, check received by Burris of Litteral $25,500.00." No where does he call attention to where the supporting evidence may be found. If Litteral had such a check, he should have it here, and should point out to us where to find it. We have searched through the hundreds of checks he files in this enormous record without finding it. This check is worth nothing to Litteral in his pocket, and might be of vast value here. The proper place for a litigant to have his evidence is in the record, not in his pocket. What we have said of this item is true of almost if not all of the other 921 items involved.

Litteral has complained of a commissioner's report to which he has not filed proper exceptions, and is relying for support of his claims upon depositions which have been quashed.

The judgment is affirmed.