## Burris v. Thompson et al.

(Decided May 9, 1933.)

CHILDERS & BOWLES for appellant.

A. F. CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

G. W. Burris, a citizen and resident of Pike county, died intestate on January 23, 1930, survived by his widow and four children, Cora Bevins, Wilda Harris, Minnie Sheets, and Floyd Burris. Richard Thompson qualified as his administrator, and in a suit for a settlement of the estate alleged that each of the children had received certain advancements. In addition to a general denial Floyd Burris asserted a counterclaim against his father's estate for $1,716. By agreement of the parties the cause was referred to the master commissioner to hear proof and report on advancements. After hearing the evidence the master commissioner found and reported that Cora Bevins had been advanced $1,265, Wilda Harris $2,829, Minnie Sheets $100, and Floyd Burris $2,650. At the same time he disallowed Floyd Burris' counterclaim of $1,716, which he sought to set off against the advancements made to him

on the ground that the evidence was not sufficiently convincing to justify the allowance of the claim. The daughters acquiesced in this report, but Floyd Burris filed the following exceptions:

"Comes now the defendant, Floyd Burris, and excepts to that part of the Commissioner's report which fails to allow the said Floyd Burris the claim filed by him against the estate of G. W. Burris, deceased, amounting to $1716.00. The defendant, Floyd Burris, says that this is a just claim and was proven as is required by law, and upon these exceptions prays the judgment of the court."

Thereafter the court overruled the exceptions and confirmed the report. From that order this appeal is prosecuted.

Appellant challenges not only the rejection of his alleged counterclaim, but the finding of the commissioner that he had been advanced the sum of $2,650. The rule is that findings in a commissioner's report not specifically excepted to are confessed as correct, although issues may have been made concerning them in the pleadings, and that where the complaining party excepts specifically to one finding, that finding only is reviewable and available as error on appeal. Town of Highland Park v. Wilson, 186 Ky. 233, 216 S. W. 370. Here appellant did not except to the commissioner's finding that he had received advancements in the sum of $2,650, but excepted only to that part of the report which failed to allow his claim of $1,716. Therefore the disallowance of that claim is the only question before the court. The claim is in two parts—one for the year 1914, and the other for the year 1901. For the year 1914 the items consist of $150, $350, $100, and $15 for cutting, hauling, and drying lumber, carpenter work, etc. The other items consist of bed springs, corn, turning plow, tooth harrow, cant hooks, spreaders, crow bar, hammers, stove, cooking utensils, beans, canned fruit, potatoes, sweet potatoes, etc. For the year 1901 the items are oxen, cow, heifer, hogs, corn, potatoes, sweet potatoes, canned fruit, bedsteads, bed springs, mattresses, chairs, cooking utensils, molasses, rifle, etc. According to appellant he left for the state of Washington in the year 1901. Since that time he had spent the greater portion of his life there. He made two visits to Kentucky, one in 1907, and the other in 1914. His

claim for the year 1901 was for things that he had left on the place when he went away. His claim for the year 1914 was for labor and supplies furnished. He had never been paid anything on either claim. He never sold the things to his father, but just went off and left them there. Since the settlement had come up, he might as well charge for his labor and things that he had left with his father. He acknowledged getting certain amounts from his father to pay on the farm he bought in the state of Washington and for other purposes. Hannah Burris, appellant's mother, testified that his claim for three yoke of oxen, a cow, and one heifer and two hogs was correct, that her husband took them and used them. She also "allowed" that Floyd was correct in regard to the corn and household goods, kitchen utensils, etc. She further testified that she remembered his cutting timber, drying lumber, and building houses. On the other hand there was evidence by those who were present when the houses were built that Floyd Burris was not there and did none of the work. There was further evidence that prior to his departure for Washington in 1901, and on his return in the year 1914, he had but very little property of any kind or description.

Appellant's claim was made out from memory after the death of his father. It embraces items some of which were furnished 16 years, and others 30 years, before the claim was made out. It is not explained how he acquired the property which he left with his father in 1901, or how he happened to accumulate so much property during the few short months that he was at home in 1914, or how, in view of the fact that he was going away to live in another state, he happened to leave the property with his father or failed to reduce it to cash, of which he was clearly in need. He admits that he did not sell the property to his father, and there is no showing that his father ever agreed to pay him for his labor, or that he even expected any remuneration for his services. Indeed appellant sums up his entire case in the following language: "Since this settlement came up charging me with certain things, I might as well charge for my labor and the things I left with my father." This admission, coupled with other circumstances equally persuasive, clearly shows that appellant's claim is a mere afterthought, and was brought forward for the purpose of reducing the ad-

vancements which he had received. It is not surprising, therefore, that the commissioner found the evidence insufficient to authorize its allowance, and that his action met with the approval of the circuit court.

Judgment affirmed.