## Gurley et al. v. Carr et al.

March 3, 1942.

Louis C. Taylor and W. H. Hinton for appellants.

W. J. Goodwin for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This action was instituted by appellees who claim to be the Trustees of the Holiness Church South of Louisville, against appellants and others, comprising the congregation of the Local Church of the United Pentecostal Council of the Assemblies of God; and involves the title to a lot and small church house which formerly was the place of worship of all the parties to the action previous to the withdrawal of appellees from membership in the Holiness Church South.

The petition was filed on the 12th day of March, 1929, before the Honorable Alex G. Barrett, Judge of the Jefferson Circuit Court, Chancery Branch, First Division, who rendered judgment for the appellants. On the 10th day of July, 1930, appellees filed motion and grounds for new trial which laid without action for a period of time in excess of 9 years, during which interval Judge Barrett died and was succeeded in office by Honorable Churchill Humphrey.

On August 23, 1939, appellants, W. F. Gurley and Augusta Gurley, husband and wife, the latter having been the former pastor of the Holiness Church South, now residing and for many years past having resided in Chicago, Illinois, moved the court on behalf of themselves and the other appellants to overrule the motion for a new trial filed in July, 1930. Appellees filed response to the motion alleging that before the original judgment had been entered the congregation of the United Pentecostal Council of the Assemblies of God disbanded; discontinued to worship or claim the right to worship in the premises; abandoned the church property and their claim thereto; that the appellants, W. F. and Augusta Gurley, moved to Chicago in September, 1930, and have resided there ever since; that continuously since the time the motion for a new trial was filed, appellees without molestation have claimed, used, occupied, repaired, and maintained the premises; have equipped the property with pews and other furnishings; and that the Gurleys were seeking to have the motion for a new trial overruled for the purpose of obtaining the ownership and possession of the property in their individual capacities.

The chancellor referred the case to the master commissioner to determine whether an abandonment had been effected. The latter reported that appellants had abandoned the church and their claim to the property more than nine years before the issue was submitted to him for his finding. No exceptions were filed to the report, whereupon, final order was entered confirming the report and declaring appellees to be the rightful owners of the property.

The first complaint is that the motion for a new trial was not in time, because it was stated in appellants' brief that the judgment was entered on June 21, 1930, and motion for a new trial was not filed until July 10, 1930. This

682

statement is incorrect. The record shows the judgment to have been entered on July 3, 1930, and since this was an equitable action in a court of continuous session the appellees had 15 days from the rendition of the judgment to file application for new trial. Section 342, Civil Code of Practice; Sections 965-30, 997, Kentucky Statutes.

It is unnecessary for us to determine the correctness of the original judgment entered in July, 1930, in view of the fact that no exceptions were filed to the master commissioner's finding that appellants and their associates have abandoned the church and their claim to the property. Confirmation of a commission's report to which no exceptions have been filed, and rendition of the judgment thereon, conclude all questions of fact which might have been presented by pertinent exceptions. Town of Highland Park v. Wilson, 186 Ky. 233, 216 S. W. 370; Litteral v. Burris' Ex'r, 230 Ky. 757, 20 S. W. (2d) 752; Wilson v. Smoot, 186 Ky. 194, 216 S. W. 129; Larimore v. West, 227 Ky. 306, 12 S. W. (2d) 856.

Wherefore the judgment is affirmed.