IN THE MATTER OF THE APPLICATION OF THE SENATE OF THE STATE OF MINNESOTA TO THE SUPREME COURT FOR THEIR OPINION ON CERTAIN QUESTIONS OF LAW.

*Section* 15, *Chap.* 4, *Compiled Statutes*, which provides that "either House may, by resolution, request the opinion of the Supreme Court, or any one or more of the Judges thereof, upon a given subject, and it shall be the duty of such Court or Judges when so requested, respectively, to give such opinion in writing," is unconstitutional and void, and therefore imposes no duty on the Court.

Any opinion expressed in pursuance of action under said section is extra-judicial, and no official responsibility attaches to the Judge or Court voluntarily giving such opinion.

It is the duty of each department of the government to abstain from and oppose encroachments on either of the others.

The duty sought to be imposed by this section is neither a judicial act, nor is it to be performed in a judicial manner; it constitutes the Supreme Court the advisers of the Legislature, nothing more.

An unauthorized expression of opinion by a Judge or Court, especially one of last resort, upon a matter which may subsequently come before the Court for adjudication, is improper.

At a session of the Legislature of this State in 1865 the following resolution was adopted by the Senate, to-wit:

"*Resolved*, That the Supreme Court be and they are hereby respectfully requested to furnish the Senate their opinion upon the following questions:

"1. Whether the persons named in the act of the Legislative Assembly of the Territory of Minnesota, entitled 'A bill for an act entitled an act to incorporate the Nebraska and Lake Superior Railroad Company,' approved May 23, 1857, ever became a legally constituted corporation. If so, when and by what act, and was it competent for the Legislature of the State by amendment of said act, to transfer their corporate rights and franchises to others without their consent.

"2. Whether the act of the Legislature of the State of Minnesota, entitled 'An act to amend an act entitled an act to incorporate the Nebraska and Lake Superior Railroad Company,' approved March 8, 1861, is or is not in conflict with the Constitution of this State or of the United States; and whether by virtue of said last named act the persons therein named, or any persons, have acquired any property rights.

"3. Whether the act of the Legislature of this State, entitled 'An act to extend the time for the grading and completion of the Lake Superior and Mississippi Railroad,' approved March 6, 1863, was or is of any force or effect.

"4. Whether the act of the Legislature of this State entitled 'An act to legalize the action of the Common Council of the city of St. Paul in relation to the bonds of said city in the aid of the construction of the Lake Superior and Mississippi Railroad,' approved February 3, 1864, is of any force or effect.

" 5. Whether there is any duly and constitutionally created or chartered corporation, by the name of the Lake Superior and Mississippi Railroad Company. If so, when and under what act created or chartered; has it received any grant of land or other State aid, and what the legal liabilities of the stockholders in regard to its obligations."

Whereupon the Court, in answer to such resolution, returned to the Senate the following opinion.

*By the Court*—McMILLAN, J.—A copy of the resolution of the Senate requesting the Supreme Court to furnish the Senate with their opinion upon certain questions stated in the resolution was communicated to the Court yesterday.

We have had the matter under advisement, and given it that consideration which a communication from so high a source is entitled to receive.

The resolution, we presume, was passed in view of *Sec.* 15, *Ch.* 4, *Comp. Stat.*, which provides that "either house may, by resolution, request the opinion of the Supreme Court, or any one or more of the Judges thereof, upon a given subject, and it shall be the duty of such Court or Judges when so requested, respectively, to give such opinion in writing."

We are aware of but two instances under our State organization, in which similar resolutions have been passed, and in both cases replies were made declining to express any opinion upon the points submitted. *Journal of the Senate*, 1858, *page* 718; *Id.*, 1863, *page* 75.

We might be justified in resting on these precedents. But we perceive that in neither case was the resolution considered by all the members of the Court; nor does either of the opinions given by the Judges cover the whole ground of the power of the Legislature and the Court under resolutions of this kind. We, therefore, deem it proper out of respect to the Senate, and in view of the important principles involved, to state briefly the reasons for the conclusions at which we have arrived.

By the Constitution the power of the State Government is di-

In the Matter of the Application of the Senate.

vided into three distinct departments, legislative, executive and judicial.   The powers and duties of each department are distinctly defined.   The departments are independent of each other to the extent, at least, that neither can exercise any of the powers of the others, not expressly provided for.   *Const., art. 3. sec. 1.*

This not only prevents an assumption by either department of power not properly belonging to it, but also prohibits the imposition, by one, of any duty upon either of the others not within the scope of its jurisdiction; and "it is the duty of each to abstain from and to oppose encroachments on either."   Any departure from these important principles must be attended with evil.

This question is well considered in a note to *Hayburn's case*, 2 *Dall.*, 409, *et seq.* in which the Circuit Court for the district of New York, Jay, Chief Justice, says :   "That neither the legislative nor the executive branches can constitutionally assign to the judicial, any duties but such as are properly judicial and to be performed in a judicial manner."

The duty sought to be imposed by the section of the act referred to, is clearly, neither a judicial act nor is it to be performed in a judicial manner.   It constitutes the Supreme Court the advisers of the legislature, nothing more.   This does not come within the provisions of the constitution, and, as the constitution now stands, would be, in our opinion, not only inconsistent with judicial duties, but a dangerous precedent.   The impropriety of an unauthorized expression of opinion by a Judge or Court, especially one of last resort, upon a matter which may subsequently come before the Court for adjudication, will immediately suggest itself.   If the statute under consideration is in conflict with the constitution it imposes no duty, and any opinion expressed in pursuance of action under it, is extra-judicial, and no official responsibility attaches to the Judge or Court voluntarily giving it.   The evils which might result to the people from such a source will suggest themselves on a moment's reflection.

In all the instances to which we have had an opportunity of referring, where Courts have responded to resolutions of this character in other States, provision has been made therefor in the

State Constitution. *Const. of Mass., Ch. 3, Sec. 2; Const. of N. Hamp., Sec. 74;* and of course in such case official responsibility attaches to the discharge of the duty, and thus one serious objection is removed. Although we confess that, for other reasons, such a constitutional provision does not address itself to our minds with any favor.

Whether under the Territorial organization the statute referred to could have been sustained, we need not consider, since only such territorial laws as are not inconsistent with the constitution, are preserved by the schedule to that instrument.

We are, therefore, unanimously of opinion that the section referred to authorizing the action of the Senate is unconstitutional and void, and therefore imposes no duty on the Court. And we are prevented from voluntarily complying with the request, by the views we entertain of our judicial duty and the injurious tendency of such a precedent.

We must, therefore, respectfully decline to comply with the request contained in the resolution.