## May v. Walter's Exrs., et al.

(Decided October 10, 1912.)

Appeal from Breckinridge Circuit Court.

1. Attorney's Fee—Allowance of, in Settlement of Estate—What Is Reasonable.—Although there is no evidence controverting the value or character of the services or the reasonableness of the allowance asked by an attorney for services rendered in the settlement of an estate, and the reasonableness of the fee is supported by affidavits of attorneys, this does not preclude the Court of Appeals from inquiring into and reaching an independent conclusion as to the reasonableness of the fee.

2. Attorney's Fee—Settlement of Estate—Court of Appeals Will Pass On Reasonableness of.—In cases like this, the court will determine for itself the question of the reasonableness of the fee; and the objector will not be estopped from raising the question in this court by the failure to introduce in the lower court evidence in opposition to the allowance, if he has excepted to it in the lower court.

3. Executors and Trustees—Estate Not Liable For Money Paid to Secure Bond.—Executors and other fiduciaries must at their own expense execute such bond as may be required to enable them

to enter upon the discharge of their duties, and the amount they may have paid to secure the necessary bond is not a proper charge against the estate.

4.  Executors and Trustees—Duty to Collect Debts Owing the Estate.—It is the duty of executors and trustees to exercise reasonable diligence to collect all notes that come into their possession, and they are not entitled to credit by amounts that were not but that could have been collected by the exercise of reasonable diligence on their part.

5.  Settlement of Estates—Exceptions—Practice.—Where exceptions are filed to a report of settlement, evidence for and against the exceptions may be taken by deposition or it may be heard orally by the court; but if it is heard orally by the court, and either party desires to appeal from the ruling of the court on the exceptions, the oral evidence, if any heard, should be made a part of the record.

W. G. BABBAGE, GUS BROWN for appellant.

J. R. SKILLMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Fred Walter died in August, 1904, and by his will appointed A. B. Skillman and W. G. Smart executors and trustees of his estate. They accepted the appointment and in October, 1904, took possession of the estate, which was then appraised at $53,522.00, and continued in the discharge of their duties as executors and trustees until February, 1911, at which time they had in their possession after the payment of debts bequests and other items of expense $47,679.00.

Under the will of Mr. Walter, his estate after the payment of certain legacies to his nieces and nephews, amounting to some $13,000.00, was devised to his sister, the appellant Elizabeth May, and the amount thus received by her from the executors amounted to some $34,000.00.

At the February term, 1911, of the Breckinridge Circuit Court, Skillman and Smart, as executors and trustees, tendered their resignation in a pending action and the matter was referred to the master commissioner for report and settlement. Pursuant to this order, the commissioner filed his report of settlement, and to this report the appellant Elizabeth May filed exceptions, that will be noticed later, all of which were overruled by the court and the report confirmed. After the confirmation of the report,

J. R. Skillman as attorney for the executors and trustees, asked for an allowance of $5,000.00 for service from 1904 to 1911, subject to credit by a few small amounts that had been paid during the course of the employment.

In support of the motion for this allowance, Skillman filed his own affidavit, accompanied by a statement setting out in detail the items of service he rendered during his employment and the affidavits of a number of experienced and reputable attorneys, who stated that they were familiar with the services rendered by Skillman and that $5,000.00 was a reasonable fee for such services. No evidence in the form of affidavit or otherwise was offered in opposition to the amount of the fee, and the court allowed the sum asked, to which appellant Elizabeth May excepted. From the judgment overruling the exceptions and allowing the fee to Skillman, this appeal is prosecuted.

The judgment of the lower court upon the exceptions to the commissioner's report, as well as upon the question of an allowance to Skillman as attorney, reads as follows:

"Came Elizabeth May and filed her exceptions Nos. 1, 2, 3, 4, 5, 6, 7 and 8 to the commissioner's report and settlement with the plaintiff filed in this action on the 4th day of the present term of this court and by consent of parties this action is now submitted to the court on said report and exceptions, and the court having heard all the evidence introduced or offered in support of or against each and all of said exceptions, and having heard argument of counsel, and being fully advised, it is ordered and adjudged that said exceptions and each of them be and the same are now overruled, to which the defendant Elizabeth May objects and excepts. No other exceptions having been filed or taken to said report, it is now ordered and adjudged that said report be and the same is now confirmed. * * *

"Came James R. Skillman, attorney for plaintiffs herein and moved the court to allow said executors and trustees for his exclusive use and benefit for all services rendered said estate and executors and trustees, and to be rendered by him as such attorney during the present term of this court, an attorney fee of $5,000.00, credited by $650, and filed in support of said motion his affidavit and the affidavits of Henry DeHaven Moorman, Jesse R. Esk-

ridge, Allen R. Kincheloe, Jno. P. Haswell, Jr., H. C.
Murray, R. A. Miller, Ben D. Ringo, LaVega Clements,
and R. S. Todd, each of whom says he is a regular prac-
ticing attorney and counselor at law engaged in practic-
ing his profession in the State of Kentucky, and each of
whom, except John P. Haswell, Jr., says that $5,000
in his opinion is a reasonable fee for the services ren-
dered by the said J. R. Skillman is this action; said Has-
well, Jr., says $4,750.00 is in his opinion a reasonable
fee for such services. By consent of parties, this action
is now submitted on said motion and affidavits, and the
court having heard a full discussion of said motion by
attorneys for both the plaintiffs and defendants, and hav-
ing inquired of the attorneys for the defendants if they
desired to file affidavits or resist the allowance of said,
sum of $5,000.00, and being informed that no such or
counter affidavits would be filed by them or resistance
made to the allowance asked; and being fully advised, it
is now ordered and adjudged that said motion be and
the same is now sustained. To all of which the defendant
Elizabeth May objects and excepts.''

Taking up first the question of the allowance to Skill-
man, we find in support of it the statement by Skillman
and the affidavits heretofore referred to as well as the
recital in the judgment that the attorneys for Elizabeth
May stated in open court that no resistance would be
made to the allowance. Upon this condition of the rec-
ord, the argument is made by counsel for appellee that
the fee allowed was reasonable and that as there is no
evidence in the form of affidavit or otherwise contesting
either the character of the services rendered by Skillman
or the amount of the fee allowed, we should not disturb
the finding of the lower court upon this question. We
think it may fairly be assumed from the record that in
making the allowance the trial court was in large measure
controlled by the statement filed by Skillman, and the
affidavits of the attorneys supporting it, and this evi-
dence being before us, it is not only our right but our
duty to pass upon the amount of the allowance. The fact
that there is no evidence controverting the value or char-
acter of the services or the reasonableness of the allow-
ance, does not preclude us from inquiring into it and,
reaching an independent conclusion as to the reason-
ableness of the fee. We are as well qualified to pass in-
telligently on this question as was the trial judge, and,

in cases like this, while we will give to the judgment of the lower court the consideration to which it is justly entitled, we must yet determine for ourselves the question of the reasonableness of the fee. Nor do we think appellant is estopped from raising the question in this court, by her failure to introduce in the lower court evidence in opposition to the allowance or by the statement made in the lower court by her counsel that no objection would be made. She had the right to stand on her objection to the allowance entered on the record, and to have the issue made by this objection disposed of in this court. That Mr. Skillman rendered much service and valuable service to the estate, is apparent from his detailed statement, as well as from the affidavits of the attorneys in support of the amount asked by him as a fee. But, after carefully considering the matter, our conclusion is, without going into further detail, that $3,500.00 is a reasonable fee for the services rendered, and that the court committed error in allowing $5,000.00.

Coming now to the other exceptions, the first is to a credit of $104.90, given to the executors and trustees for premiums paid by them for insurance on the house occupied by the appellant Elizabeth May, the principal beneficiary. It appears that Elizabeth May had only a life interest in this property, and that the executors and trustees conceived it to be their duty to protect the interest of the remaindermen by taking out insurance on the property. Under the will of Walter, and in the discharge of their duties as trustees, they were charged with the care of this estate for the use and benefit of the remainder interest and in the performance of this duty we think they had the undoubted right to have the property insured for the protection of the remainder interest.

The second exception relates to a credit given the executors and trustees of $254.10, the amount paid by them as premium on the bond they were required to give as executors and trustees. There is no statute in this State permitting executors or trustees to charge the estate with the amount that may be paid to secure a bond to enable them to qualify, and discharge the trust they have undertaken to execute, and this item was improperly allowed as a credit. Executors and other fiduciaries must at their own expense execute such bond as may be required to enable them to enter upon and discharge their duties,

and the amount they may have to pay to secure the necessary bond is not a proper charge against the estate. Pennebaker v. Williams, 136 Ky., 120.

The third exception relates to a credit of $100 allowed the executors on account of a rebate paid by them to L. H. Taul on land sold to him by them. The executors were authorized to sell the land, but in selling it, by some error Taul was charged with a greater number of acres than he received, and to compensate him for the discrepancy the executors paid the sum mentioned. As the evidence, which it appears from the judgment the court heard upon this exception, is not in the record, we cannot say that this sum was not a proper credit.

The fourth exception is to an allowance of $20.50, paid by the executors to a surveyor, who surveyed the land sold to Taul. What we have said with reference to the $100 item, applies to this.

The other exceptions relate to credits allowed the executors on account of worthless notes held by the estate of Walter. In the brief of counsel for appellant the argument is made that these notes by the exercise of due diligence on the part of the executors could have been collected, and hence they should not be given credit by them as worthless. Of course, it is the duty of executors and trustees to exercise reasonable diligence to collect all notes that come into their possession, and they are not entitled to credit by amounts that were not but that could have been collected by the exercise of reasonable diligence on their part. But, here again, we are confronted by the difficulty that the evidence heard by the trial court upon these exceptions is not in the record. We must therefore assume that the judge in disposing of these exceptions heard evidence that convinced him that the notes were worthless, and for this reason he overruled the exceptions.

We wish to add that in cases like this, where exceptions are filed to the commissioner's report of settlement, the parties may take evidence by depositions for and against the exceptions, or, with the consent of the court evidence for and against the exceptions may be heard orally by the court; and, if either party desires to prosecute an appeal to this court from the rulings of the trial court on the exceptions, the evidence heard by the court, whether by deposition or orally should be made a part of the record, so that we may have before us the same

evidence the trial, court had before him in passing on the exceptions. If the evidence is heard orally, it may be brought up in a bill of exceptions certified to by the trial judge as correct, and copied by the clerk with the record; and, if in the form of depositions it can be copied by the clerk as a part of the record without certification by the judge.

Wherefore the judgment is reversed with directions to sustain the exceptions to the credit allowed the executors for the sum paid out by them to secure a bond and to allow J. R. Skillman a fee of $3,500.00 in place of $5,000.00.