## Spitzelberger v. South Covington & Cincinnati Street Railway Company.

(Decided November 9, 1920.)

## Appeal from Campbell Circuit Court.

1. Appeal and Error—Bill of Exceptions.—It is a fixed rule of practice in this jurisdiction, that when an appeal is prosecuted to the Court of Appeals from a judgment entered upon the verdict of a jury, without a bill of exceptions containing the evidence heard on the trial in the circuit court, the Court of Appeals will conclude that the evidence sustains the verdict and judgment.

2. Appeal and Error—Bill of Exceptions.—As the record on which the appeal was taken in this case does not contain a bill of the evidence heard in the trial court, and the pleadings support the judgment appealed from, it is affirmed.

WM. F. CLARK and BLAINE McLAUGHLIN for appellant.

MATT HEROLD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Mary Spitzelberger, seeking in this action the recovery of damages against the city of Newport, and the appellee, South Covington and Cincinnati Street Railway Company, for bodily injuries sustained by her, as alleged, through their joint and concurrent negligence, obtained on the trial of the case in the court below a verdict and judgment against the city of Newport for $1,079.00, by way of such damages. The same jury, however, returned a verdict in favor of the appellee, South Covington and Cincinnati Street Railway Company; the verdict in behalf of the latter having been directed by a peremptory instruction given by the trial court, over appellant's objection, at the conclusion of all the evidence heard on the trial. Appellant filed a motion and grounds for a new trial as to the appellee, South Covington and Cincinnati Street Railway Company, but the motion was overruled; complaining of which, also of the instruction directing a verdict for appellee and likewise the judgment entered upon the directed verdict, she has appealed.

Although the city of Newport filed a motion and grounds for a new trial and, following the court's refusal of same, prayed and was granted an appeal from the judgment entered upon the verdict awarding appellant

damages against it, it has failed to prosecute the appeal and seems to have acquiesced in the recovery adjudged.

It was substantially alleged in the petition that appellant's injuries were received at 8 o'clock a. m., February 27, 1918, while crossing Monmouth street in the city of Newport and using ordinary care for her own safety, from a fall caused by stepping into a hole in Monmouth street and catching her foot under a rail of appellee's street railway track occupying that street, which rail projected from three to five inches above the surface of the street where the hole existed; that at the place of the accident, which was about forty feet north of the curbline at the intersection of Monmouth and Ninth streets, appellee and the city of Newport negligently permitted the hole in question and others to exist, and the railway track rails to project from three to five inches above the surface of the street, thereby constituting an obstruction dangerous to persons using and having the right to use the street, and preventing it from being reasonably safe for use; and, finally, that the existence of these defects and obstructions in the street, rendering it dangerous to persons traveling it, was unknown to her and could not by ordinary care have been discovered by her in time to prevent her injuries, but was known or, by the use of ordinary care, could have been known to the city of Newport and appellee, through their officers and agents, at the time of appellant's sustaining her injuries, and also long enough prior thereto, to have enabled them to remove the obstruction and so repair the street as to make it reasonably safe for travel.

The averments of the petition were traversed by the separate answers of the defendants, each of which pleaded contributory negligence on the part of appellant, which pleas were controverted by reply.

Three grounds of alleged error are relied on by appellant for a reversal of the judgment appealed from: First, the giving by the trial court of the peremptory instruction directing a verdict for appellee; second, the refusal of that court to grant appellant a new trial; third, that the judgment is not supported by the pleadings. Responding to the first contention, it is only necessary to say that it cannot be considered because of the absence from the record of the evidence introduced on the trial in the circuit court. Indeed, the record neither contains a bill of exceptions nor shows that such bill was ever filed in that court.

It is a well known rule of practice in this jurisdiction that when an appeal is prosecuted to the Court of Appeals without a bill of evidence or exceptions, that court will conclude that the evidence heard by the trial court sustains the judgment appealed from; and this will also be true where only a part of the evidence heard by the trial court is brought to the Court of Appeals. Huffaker & Shy v. Nat. Bank of Monticello, 13 Bush 644; Hart v. Louisville Ry. Co., 142 Ky. 263; Tyler v. Warner, 158 Ky. 710; Gambrell v. Gambrell, 130 Ky. 714. The rule of practice referred to is both reasonable and just, for it relieves the appellate court of the necessity of indulging in surmise or conjecture as to what facts may have developed at the trial, and at the same time gives advance warning to the appellant that unless, on the appeal, it is affirmatively made to appear from the record that the decision complained of is erroneous, it will be regarded by the appellate court as having been correctly decided.

We find copied in the record the depositions of appellant and her son, a physician, purporting to have been taken for use in this case, but as it is not made to appear from the record that they were introduced or read on the trial in the court below, or that they are identified by an order of that court, they cannot, on this appeal, be considered by us for any purpose. Beyond what has been said of the depositions of appellant and her son, it will not be improper to add that it seems to be conceded by her counsel that they were not used in her behalf, and she and the son orally testified as witnesses on the trial of the case. We frequently have held that depositions appearing in the record on appeal that were not read on the trial in the circuit court, nor identified by an order of that court, will not be considered by the Court of Appeals. Shannon v. Stratton & Terstegge, 144 Ky. 26; New York Life Ins. Co. v. Brown's Admr., 139 Ky. 711.

In the absence of a bill of exceptions containing the evidence, the theories or statements of counsel explanatory of the trial court's reasons for requiring of the jury a directed verdict will not be accepted by us. The only conclusions we can reach must be arrived at from the evidence upon which that court acted; and where it is not furnished on the appeal of the case we can no more conjecture that it established culpable negligence on the part of the defendant, than that it proved contributory negligence on the part of the plaintiff, but for which the injuries complained of would not have been received.

As is follows from what has been said that the giving of the peremptory instruction by the court directing a verdict for the appellee must be treated as authorized by the evidence, or lack of evidence, the only question that remains to be determined is the one raised by appellant's third contention, viz.: whether the judgment is supported by the pleadings. As we find that the answer of the appellee, in addition to its concluding paragraph pleading contributory negligence on the part of appellant, substantially denied and thereby put in issue every allegation of fact in the petition essential to a right of recovery by the latter on the ground of negligence, no reason is apparent for sustaining this contention. It is, however, especially argued by her counsel that the answer by an insufficient denial of the allegation of the petition respecting the projection of the appellee's car track or rails from three to five inches above the surface of the street at the place of the accident, amounts to an admission that they did project above the surface of the street less than that number of inches and to such an extent as to make the crossing of the street there by her dangerous. We do not find that this argument is sustained by the pleadings. The allegation of the petition referred to is, "that defendant company's car tracks or rails, at or about forty feet north of the curbline at the intersection of Ninth and Monmouth streets, in said city (the place of appellant's accident) projects from three to five inches above the surface of the street at said point." The denial of the appellee's answer to this allegation is as follows: "It denies that its car track or tracks, or rail or rails at or about forty feet north of the curbline at the intersection of Ninth and Monmouth streets in the city of Newport, project from three to five inches, *or at all,* above the surface of the street at said point."

Manifestly, the denial is sufficiently specific to controvert and put in issue the fact pleaded in the petition as constituting the alleged negligence of appellee regarding the condition of the railway track and rails complained of.

As our conclusion that the first and third grounds urged by appellant for a reversal of the judgment appealed from, are wholly without merit is decisive of the appeal, consideration of the second ground, complaining of the circuit court's refusal of a new trial to the appellant, will be unnecessary. Judgment affirmed.