## Nolan's Executors, et al. v. Nolan, et al.

(Decided June 17, 1927.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error.—In absence from record of paragraph of answer, to which demurrer was sustained, appellate court must presume that trial court ruled correctly.

2. Executors and Administrators.—Judgment leaving matter of subdividing part of testator's undevised realty into lots, erecting bridge connecting it with town, and selling property as whole or as subdivision, to master commissioner's discretion, held erroneous; that being judicial question determinable only by court.

3. Executors and Administrators.—Court should not have referred sale of testator's undevised realty under decree of distribution to regular master commissioner, who was party to suit to construe will and settle estate, though such commissioner acts in ministerial capacity in making such sales, but should have referred it to special commissioner, under Ky. Stats., section 399.

4. Descent and Distribution.—Defendants, knowing from beginning that issue, in suit to construe will and settle estate was equalization of heirs in distribution of undevised estate, under Ky. Stats., section 1407, and not intimating, in exception to master commis-

sioner's report, defense set up in amended pleadings, offered after judgment, that testator, in his lifetime, made advancements which should be charged against certain distributees, were not entitled to file such amendments.

5. Appeal and Error.—Judgment adjudging value of bequests, devises, and undevised estate in accordance with special commissioners' report, and ordering sale and distribution of such estate pursuant to Ky. Stats., section 1407, held a "final judgment."

6. Pleading.—Judgment adjudging value of bequests, devises, and undevised estate, in accordance with commissioner's report, and ordering sale and distribution of such estate, being final, amended pleadings seeking to open judgment and set up advancements by testator during his lifetime were too late, where not offered until succeeding term.

7. Executors and Administrators.—Judgment adjudging value of bequests, devises, and undevised estate, in accordance with commissioner's report, and ordering sale and distribution of such estate, being final, decree of partial distribution in accordance therewith was not erroneous.

HALL, LEE & SNYDER and GEO. R. POPE for appellants.

J. S. FORESTER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing in part and affirming in part.

C. F. C. Nolan died in December, 1923, the owner of a large estate consisting of both realty and personalty. He had had ten children. Five of these survived him. All five who had died prior to his death had left children, so that five different sets of grandchildren also survived him. By his will he distributed a large part of his estate among his surviving children and grandchildren though in unequal amounts, but he left a very large part of his estate, both real and personal, undevised.

In May 1924, three of these surviving children and all five sets of grandchildren brought this action to construe the will of C. F. C. Nolan and to settle his estate. The two other surviving children, who were the executors of the will and administrators of the undevised estate, were made parties defendant, as were also some children of one of these executors, but as this appeal does not involve these children, they will hereafter be ignored in this opinion. C. F. C. Nolan left very few debts, and what he did leave, as the petition recited, had been paid prior to its filing; so the suit really involved only the question of how the estate should de distributed. The

petition set out the will and the unequal distribution it
made of the devised estate among the heirs of the tes-
tator. It then stated that, pursuant to section 1407 of
the Statutes, the bequests and devises made in the will
should be charged against the beneficiaries as advance-
ments in the distribution of the undevised estate. It
asked that the case be referred to the commissioner to
determine the value of the various bequests and devises
made in the will as well as the value of the undevised
estate. The defendants in due time filed a demurrer,
and, this being overruled, then filed their answer, which
was in two pragraphs. Only one of these paragraphs is
copied in this record, and it states no defense to the cause
of action set out in the petition.

The court sustained a demurrer to the second para-
graph, which is missing, and in its absence we must,
under familiar law, presume that the action of the court
was correct. Taking the brief of the appellants, part of
whom were the defendants below, as correctly stating the
substance of that missing paragraph, we find that the
presumption we must indulge is correct in fact, because
the second paragraph too plainly stated no defense. In-
deed, the appellants are making no complaint on this
appeal of the action of trial court in sustaining a de-
murrer to this second paragraph of their answer. As the
master commissioner of the court was one of the grand-
children and a party plaintiff, the court, pursuant to sec-
tion 399 of the Statutes, referred the case to a special
commissioner. The latter held several sittings at which
at least one of the defendants was present. Proof was
heard by the special commissioner on the questions re-
ferred to him by the court, and especially on the ques-
tions of the value of the various bequests and devises in
the will and of the undevised estate. On December 9,
1924, the special commissioner filed in open court his re-
port fixing the values mentioned and making certain
recommendations as to the way certain undevised realty
should be sold. The defendants duly excepted to the
commissioner's report. In February, 1925, the court
overruled these exceptions and entered a judgment which
is complained of on this appeal. But before we take it
up we must refer to another matter which had in the
meantime been agitated.

When this suit was first filed, the defendants by
motion asked the court to require the plaintiffs' attorney
to show by what authority he was prosecuting it. The

court overruled this motion, and no complaint is now made of that action. When the commissioner's report was filed in December, the defendants filed a motion to require the plaintiffs' counsel to show by what authority he had made certain designated parties plaintiff such plaintiffs, and in support of that motion filed the affidavits of those plaintiffs to the effect that they had not employed the attorney representing the plaintiffs to represent them. The counsel of the plaintiffs filed his response, accompanied by certain affidavits and letters. This response was not controverted, and the motion was submitted on the affidavits which accompanied that motion, the response, and the affidavits and letters which accompanied it. The court adjudged the response sufficient, and in this we do not think he erred. On the showing made, undoubtedly the plaintiffs' counsel had been employed by all he purported to represent. However, when the defendants, who were the largest beneficiaries under the will, saw their chances of sharing in the undevised estate fading away under the application of section 1407 of the Statutes, they got very busy and undertook to hamper the further prosecution of this suit by getting some of the plaintiffs to withdraw as such.

The judgment of February, 1925, confirmed the report of the special commissioner, except as to one item not here material, adjudged in accordance with that report the value of the bequests and devises made in the will and of the undevised estate, ordered the undevised estate converted into cash and distributed, first by paying the cost of administration and then by dividing the remainder among the heirs of C. F. C. Nolan in accordance with the provisions of section 1407 of the Statutes, and of the statute of descent and distribution. To convert the estate into cash, the court ordered, among other things, the undevised realty to be sold by the master commissioner, who, as we have stated, was one of the plaintiffs herein. In the report of the special commissioner, it was set out that one piece of this undevised realty would probably bring a better price if subdivided into building lots and a bridge erected to connect it with the town of Evarts. In the judgment, the court ordered that the master commissioner should sell this particular piece of realty as a whole, but provided that he might go to the expense of subdividing it and erecting the bridge and then might sell it as a subdivision. The judgment

left the manner of the sale to the discretion of the master commissioner. The February term of court, at which this judgment was rendered, then adjourned.

During the next term of court, which began in March, the defendants tendered an amended answer, in which for the first time they brought to the attention of the court the alleged fact that C. F. C. Nolan had, in his lifetime, made advancements of large amounts to his deceased children. They asked that these advancements be charged against the respective sets of grandchildren in the distribution of the undevised estate, which, if done, would practically eliminate them from sharing in the undevised estate. A reading of this amended answer demonstrates that these defendants knew all about these alleged advancements long before this litigation was started. The answer, however, offered no excuse why the defendants waited until the late day they did to apprise the court of these facts. The court refused to permit this amended answer to be filed. A week or so later the other three children of C. F. C. Nolan, who had been parties plaintiff, came into court and asked that the name of the counsel who had been representing them be stricken from the record as that of their counsel, which request, acquiesced in by that counsel, was promptly granted by the court. They then tendered an amended petition, which is almost a literal copy of the amended answer tendered by the defendants. The court first permitted this amended petition to be filed, but then, on motion of the plaintiffs who had remained such, ordered it stricken from the record. On May 22, 1925, the court entered an order of partial distribution of so much of the estate as was then in cash. From the judgment of February, 1925, and from this order of distribution, the defendants and the plaintiffs who had withdrawn as such from the original suit prosecute this appeal.

So far as the judgment of February, 1925, left the matter of subdividing the property susceptible of such subdivision, and the erection of the bridge and the sale of the property, either as a whole or as a subdivision, to the discretion of the master commissioner, it will have to be reversed. Such a matter was a judicial question, which could be determined only by the court. The court should have either ordered the property subdivided and the bridge erected or not as the evidence justified. Of course the court could have provided for such subdivision and

then ordered the property sold in parcels and then as a whole, to be disposed of according to the way it brought the most, but it could not leave the question of whether or not a subdivision should be made to the discretion of the master commissioner. As two years have elapsed since this judgment was entered, we do not feel competent at this time on the evidence before us to decide whether this property should now be subdivided or sold as a whole. On the return of this case, the court will, if the parties cannot agree, hear evidence as to the best method of selling this property and enter a judgment accordingly. Further, the court should not have referred the sale of any of the property under the judgment to the regular master commissioner. He was a party to this suit, and, while a master commissioner acts in a ministerial capacity in making such sales, yet he has many duties to perform which may be influenced by the fact that he is a party to the suit and interested in the sale. This possibility should not be allowed, and hence we conclude that the court should have referred the sale to a special master commissioner.

Except for the above, the judgment and order appealed from will be affirmed. The only complaint made except as above sustained, is that the court refused to permit the amendments offered in March, after the entry of the February, 1925, judgment, to be filed. We might call attention to the technical objection that the appeal is taken from the judgment and not from the subsequent action of the court, where the real complaint, if any, lies. But, aside from this, these appellants, as may be plainly discerned from their amended pleadings, knew the issue in this suit from the very beginning and that issue was the equalization of the heirs in the distribution of the undevised estate pursuant to section 1407 of the Statutes. Some of these appellants had attended the taking of the proof when this issue was the only one on which proof was taken. The report of the master commissioner was devoted in the main to this issue. The exceptions filed to that report contained no intimation of the defense attempted to be set up in the amended pleadings. Plainly, parties cannot be permitted to thus dally, and then, when a judgment goes against them, present a defense of which they were cognizant all along and expect the court to reopen the litigation. The amendments came too late. Moreover, the judgment of February, 1925, was a final judgment. Harding v.

Harding, 145 Ky. 315, 140 S. W. 533. Being final, the amendments seeking to open it came too late, as they were not offered until the succeeding term of court. The case of Aylor v. Aylor, 158 Ky. 713, 166 S. W. 216, relied on by appellants, is not in point. In that case the amendment filed after the judgment was not filed to open that judgment but to carry it into effect. Instead of requiring a new suit to be filed for that purpose the court permitted the amendment to be filed. Here the amendments sought to open up and set aside the judgment. The judgment of February, 1925, being final, and standing, as it must, the order of partial distribution, being in accordance with it, is not erroneous.

The judgment of the lower court of February, 1925, in so far as it left the subdivision of the property recommended for subdivision by the report of the special commissioner and the sale of the property as a whole or as a subdivision, to the discretion of the master commissioner, is reversed, with instructions to the court to hear evidence on this matter if the parties cannot agree, and then to enter judgment ordering the subdivision or not as the evidence justifies, and, if subdivided, to order the property sold as a subdivision, or the court may, if it thinks proper, order it sold as a subdivision and as a whole and then disposed of according to which way it brings the best price. Further, in so far as the judgment referred the sale of any of the property ordered to be sold to the master commissioner, who is a party to this suit, it is reversed, with instructions to refer such sale to a special commissioner. In all other respects the judgment and the order appealed from are affirmed.