## Nolan et al. v. Nolan's Administrators.

(Decided April 25, 1930.)

R. M. LEE for appellants.

J. S. FORESTER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

C. F. C. Nolan died in December, 1923, leaving surviving five children, also the descendants of five other children who had died. He owned an estate of value over $60,000. By his will he disposed of about half of his estate, leaving the other half undevised. In May, 1924, three of the surviving children and all five sets of the grandchildren filed this action seeking a settlement of the estate; they alleged that there were no debts, and prayed that they be made equal with the children who had received property under the will or by advancement, and that the remainder of the estate be divided equally between all. The two sons, G. B. Nolan and J. W. Nolan, were the executors of the will, and were made defendants. They filed answer, not controverting the allegation that there were no debts, and on motion of the plaintiffs the action was referred to the master commissioner on March 17, 1924, with directions to hear proof and report the advancements made to the children and the amount and value of the estate and the complete standing of the executors. The commissioner filed his report at the next term, showing the amount of the estate, the amount that each child had received, and how the estate should be distributed to make them equal after the costs of the action were paid. Both parties filed exceptions to the report. The court overruled the exceptions, confirmed the report, and entered a judgment for the sale of the land, setting

out that the executors had received personal property of value $31,026.29, and had paid out $21,850, and directing the executors to convert into money the remainder of the personal property, and that same should be distributed as "hereinafter adjudged." The judgment ordered a sale of the land, then fixed the amount that each devisee had received, and directed that the children should first be made equal, and then adjudged "that if any part of said estate is left then the remainder is adjudged to be equally divided between his ten sets of heirs above named."

After this judgment was entered, and at the next term, the executors tendered an amended answer, which was refused, alleging that certain of the plaintiffs had received advancements not charged to them in the commissioner's report. The court refused to allow this question to be made. The executors appealed to this court. After holding that there was an unreasonable delay in tendering the pleading, this court added: "Moreover, the judgment of February, 1925, was a final judgment. Harding v. Harding, 145 Ky. 315, 140 S. W. 533. Being final, the amendments seeking to open it came too late, as they were not offered until the succeeding term of court. The case of Aylor v. Aylor, 158 Ky. 713, 166 S. W. 216, relied on by appellants, is not in point. In that case the amendment filed after the judgment was not filed to open that judgment but to carry it into effect. Instead of requiring a new suit to be filed for that purpose the court permitted the amendment to be filed. Here the amendments sought to open up and set aside the judgment." Nolan's Executors et al. v. Nolan et al., 220 Ky. 618, 295 S. W. 893, 895.

After that judgment was affirmed and the case was returned to the circuit court, the executors filed a second amended answer, in which they alleged that their father owed one of them $1,000 and the other $1,250 as commissions on a lot sale they had made for him in 1917, and they prayed that these claims be adjudged paid before any distribution of the estate was made. The plaintiffs filed a reply pleading the former judgment, which had been affirmed by this court. The defendants filed a rejoinder which merely questioned the legal effect of the former judgment. The court sustained the demurrer to the rejoinder, and dismissed the amended answer. The defendants appeal.

Under the well-settled rule, the judgment on the former appeal is the law of the case. On the former appeal it was held that the judgment confirming the commissioner's report and determining the rights of the parties was final, and that part of the judgment was affirmed, although the order for the sale of some of the land was reversed for irregularities in this respect. If the former judgment was final, it is conclusive upon the parties no less as to what advancements they each had received but as to all debts against the estate, for there could be no distribution of the estate until the debts were paid; the judgment directing the sale of the land and the conversion of the personal property into money and directing how the money should be distributed plainly settled the rights of the parties, and was a final judgment. Brown v. Vancleave, 86 Ky. 388, 6 S. W. 25, 9 Ky. Law Rep. 593; Albers v. Norton Co., 147 Ky. 193, 144 S. W. 8. In 34 C. J. 923, sec. 1331, after a statement of the rule that matters which follow by necessary and inevitable inference from the judgment are equally covered by the estoppel as if they were specifically found in so many words, this is added:

"In other words, it is allowable to reason back from the judgment to the basis on which it stands, and, regarding the judgment as a conclusion, and finding it to be one which could have been drawn only from certain premises, the premises are equally res judicata with the conclusion itself." To the same effect see 15 R. C. L. p. 976, sec. 451.

It is absolutely clear here that the former judgment was rested upon the ground that all the debts had been paid and that there were no debts then in existence. The allegation of the petition was uncontroverted. The commissioner's report was plainly based upon the same conditions, and, if there were any outstanding debts, it was certainly incumbent upon the executors to assert their claims before a final distribution of the estate was ordered. The court therefore properly held that the amended answer setting up these claims could not be maintained.

Judgment affirmed.