## Stuber et al. v. Snyder's Committee et al.

(Decided Oct. 15, 1935.)

340

R. F. PEAK, GEORGE BROADUS, GILBERT BURNETT and ANSELAN BUCHANAN for appellants.

SAMUEL S. BLITZ and DAVID W. EDWARDS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Acting under a power of attorney executed and delivered to it in 1927, by Ida Mae Snyder, a business woman, residing in the city of Louisville, Jefferson county, Ky., the Lincoln Bank & Trust Company, a corporation, engaged in the banking and trust business, in the city of Louisville, handled her business for her until December 7, 1928, at which time she was declared, by the verdict of a jury, incompetent to manage her estate. The Lincoln Bank & Trust Company soon thereafter was appointed and qualified as her committee, and as such assumed the duties imposed upon a committee of a person incompetent to manage his estate, and continued to do so until July 7, 1930, at which time she died intestate. On July 15, 1930, it was appointed and qualified as the administrator of her estate and administered it until this action was brought, January 15, 1932.

At the time it began to discharge the duties imposed upon it by the power of attorney, she was the owner, and in possession, of real estate and personal property, including 440 shares of United States Foil Company, B common stock. Its selling and its negligent failure to sell a portion of this particular stock after it qualified as committee of Ida Mae Snyder and as administrator of her estate are involved on this appeal.

The Lincoln Bank & Trust Company filed this action to have its accounts, as committee and as administrator of her estate, audited, stated, and settled. The action was, by an appropriate order, referred to the master commissioner of the court for this purpose. The evidence of the parties was introduced before the commissioner concerning the bank and trust company's selling, and its failure to sell a portion of the 440 shares of United States Foil Company stock. Its par value was $10 a share.

During its committeeship, on February 4, 1929, it sold 100 shares of it for $6,778.50, less commission, leaving under its control 340 shares. On February 11, 1932, it sold 240 shares for $1,001.90.

The commissioner reported to the court that for the exceptors, Nat R. Shellman and Clara M. Kjose, and for the Lincoln Bank & Trust Company, David W. Fairleigh and Nat R. Shellman had testified. His report discloses his analysis of a synopsis, and application, of the testimony of these witnesses, except John Warden's and J. Fred Stuber's. The heirs at law of Ida Mae Snyder filed with the commissioner an exception to so much of his report as refers to United States Foil stock, wherein they charged "that the bank and trust company, as committee and administrator, negligently failed to sell the stock when it was selling at a better price; it had sold some of the stock on February 4th, 1929, at 68; and negligently held the remainder and sold 340 shares; 100 shares at 3 and other shares at 3⅛." The commissioner overruled their exception. After his report was filed in open court, on June 7, 1934, they filed in court an exception in this language:

"In your commissioner's report, it is shown that the plaintiff qualified as committee of Ida M. Snyder on December 7th, 1928, and the said Ida Mae Snyder departed this life July 7th, 1930, and the plaintiff was appointed as her administrator July 15th, 1930. Your commissioner refers to depositions of Mr. Shellman beginning on Page 11 of his report and Mr. Fairleigh beginning on Page 14, and to Miss Kjose beginning on Page 14, and also refers to 'a statement' from Mr. Warden. We find no reference whatever to the deposition of Fred Stuber nor the deposition of Mr. Warden. We have made a diligent search of the entire record and can-

not find a deposition of either Mr. Warden or Mr. Stuber. We, therefore, object and except generally to the entire report and failure to find the above mentioned depositions. * * * Your exceptors except to the sale of 340 shares of U. S. Foil stock for $1,001.90. The committee and administrator were grossly negligent in failing and refusing to sell 340 shares of U. S. Foil and other stocks therein enumerated sold on or about the same date as U. S. Foil, all of which were sold on February 11, 1932."

On June 14, 1934, the court overruled this exception. The order overruling it contains this statement:

"The defendants hereby except to the submission of this cause, because the depositions of John Warden, J. Fred Stuber and Clara M. Kjose were taken for and on behalf of the defendants. Said depositions were paid for by the defendants and filed in the record, but not contained in either the record or the commissioner's report and were not considered by the court. The defendants except and object to the ruling of the court in each of the above paragraphs and to the submission of this case at the present time."

On November 3, 1934, they tendered "additional exceptions to the commissioner's report" in which they again excepted "for the reason that the Lincoln Bank and Trust Company as committee was guilty of negligence in retaining and failing to dispose of the following stocks: 340 shares U. S. Foil, Class B, 40 shares Standard Mortgage Company, 7 shares Anaconda Copper Mining Company, 30 shares Eskimo Pie Company, 30 shares Eskimo Pie Company, Preferred, within a reasonable time after its appointment as committee and thereby causing a great loss to the estate of Ida Mae Snyder." The same exception charges that the bank and trust company as administrator of her estate was guilty of negligence in failing to dispose of the same stock within a reasonable time after its appointment. The damages fixed in this exception were $21,164 against the committee, and as against the administrator, $5,501.76. They also, on the 3d day of November, 1934, tendered an answer, counterclaim, and cross-petition, wherein it was charged that as committee, it had failed to sell and reinvest the proceeds of the same stock or use the same for the payment of the debts

of Ida Mae Snyder within a reasonable time after its appointment. The same allegation was made against the bank and trust company as administrator, followed by the allegation that, as committee and administrator, it had negligently failed to sell the stock within a reasonable time after its qualification as committee and also as administrator, to their damage in the sum of $27,665.76. On November 5, 1934, the court overruled their motion to file the additional exceptions and refused to permit to be filed the tendered answer, counterclaim, and cross-petition. The order of November 5, 1934, recites that the exception to the commissioner's report of the settlement of the estate of the decedent, Ida Mae Snyder, "had theretofore been overruled." On December 14, 1934, an order was entered confirming the report of the commissioner's settlement with the Lincoln Bank & Trust Company of its accounts as committee and administrator, and directed the re-entry of the order of confirmation of the 5th day of November, 1934, as of the date of the first order of confirmation. On December 17, 1934, again an order was entered overruling their motion to file their answer, counterclaim, and cross-petition. This pleading was made a part of the record without being spread at large upon the order book. The same order again confirmed the commissioner's report of the settlement of accounts of the Lincoln Bank & Trust Company as administrator and also as committee. They objected and retained an exception to this order and prayed an appeal to this court, which was accordingly granted. On the 1st day of February, 1935, the parties stipulated that the depositions of Nat R. Shellman, Clara M. Kjose, John Warden, and J. Fred Stuber were taken before Mary Louise Fichtner, official stenographer, Jefferson circuit court, Chancery branch, First division, and might be filed in lieu of the originals, "heretofore filed herein by the official stenographer and lost from the record and papers in this action and for all purposes considered by this Court and the Court of Appeals as the original depositions taken before the official stenographer in this action and that the certificate of the official stenographer be for such purposes taken as true."

As we have indicated, the commissioner, in his report, merely reported a synopsis of the testimony of the witnesses heard by him, except that of John Warden and J. Fred Stuber. It did not refer to the deposition

of Stuber; nor show that it had been taken or con-. sidered. It contained merely a statement of Warden, showing the value of the United States Foil stock from January, 1929, to June, 1933, and that during the year 1929 the stock remained steady, until November of that year, closing at 23 in December, and at the death of Mrs. Snyder the price was 18½ "and still dropping." The exception filed June 7, 1934, discloses that the depositions of Warden and Stuber were not in the record, nor to be found. The order of June 14, 1934, recites that these depositions were filed in the record, "but not contained in either the record or the commissioner's report, and were not considered by the court" at the time it overruled the June 7th exception.

We are now urged by the heirs, with the record in this condition at the time of the decree of the circuit court, to try and determine, de novo, this cause, considering the depositions of the witnesses which were actually filed in court on February 5, 1935, several months after the entry of a final decree.

Concededly, we have only appellate jurisdiction. In the broadest sense of the term, "appellate court," denotes nothing more than the power to review the proceedings of another. "Appellate jurisdiction" means jurisdiction to retry and determine something that has already been tried in some other tribunal. We are without original jurisdiction of this or any other cause except as it is conferred by section 110 of our Constitution, which has no application here. We are restricted to the jurisdiction to try and determine the case as presented to and actually decided by a circuit court. It is our duty to try and determine the case presented and tried in that court. Equitable Life Assur. Soc. of United States v. Reynolds, 259 Ky. 504, 82 S. W. (2d) 509.

The record affirmatively discloses that the evidence upon which they now rely to sustain their exception to the commissioner's report was neither before nor considered by the trial court when determining the issue raised by this exception. The exception, itself, discloses that it contained no intimation, insinuation, or suggestion to the trial court that the exceptors desired, demanded, or wished the absent depositions to be made a part of the record or considered by the court before passing on the exception.

The rule is:

"A party complaining of a master's report should point out, by exceptions, any errors therein and thus afford the master an opportunity of correcting his errors, if any, or of reconsidering his opinion." Litteral v. Burris' Ex'r, 230 Ky. 757, 20 S. W. (2d) 752, 753. And an exception in such case "should be precise and raise well-defined issues and should point out the particular error or defect complained of, unless there is a palpable mistake or error upon the face of the report"; then the court may correct it, although no exception had been taken. Town of Highland Park v. Wilson, 186 Ky. 233, 216 S. W. 370.

The exception filed June 7th is wholly insufficient to convey to the court their desire or wish for the absent depositions to be made a part of the record or considered by the court before passing upon their exception. The report was filed on June 7th and the court overruled the exception on the 14th, and no motion, request, or suggestion of the exceptors appears in the record as having been made between these dates, nor on the 14th, to require the commissioner to file the depositions, or to postpone a consideration thereof until the same was filed, if in existence, or supplied or retaken, if lost. The merely objecting and excepting to the order overruling the exception was not the equivalent of a motion or request to require the commissioner to report or file the depositions, nor can the same be given the effect of a motion or a request to postpone the trial and an adjudication of the issues raised by the exception until the depositions were before the court.

The heirs were privileged to file either an exception or a pleading, attacking the report of the commissioner on the grounds set forth in their exception. Bailey's Adm'r v. Hampton Grocery Co., 189 Ky. 261, 266, 224 S. W. 1067; Johnson v. Dodd's Adm'r, 238 Ky. 194, 37 S. W. (2d) 26, 77 A. L. R. 975.

It is true that the committee of an incompetent and the administrator of an estate are liable for any loss to the estate, resulting from his negligent failure of duty. May v. Walter's Ex'rs, 149 Ky. 749, 149 S. W. 1014; Carpenter's Adm'r v. Demoisey, 237 Ky. 628, 36 S. W. (2d) 27.

The burden of proof was upon the exceptors to es-

tablish the alleged negligence of the committee or the administrator or both. This obligation imposed upon them the imperative duty to produce in the circuit court the evidence which, in their judgment, sustained the grounds of attack of the commissioner's report set forth in their exception. The order overruling the exception, though the depositions had been taken for that purpose, but were absent and not before the court, was final and is the law of the case until set aside, modified, or reversed. Harding v. Harding, 145 Ky. 315, 140 S. W. 533; Nolan v. Nolan's Adm'rs, 234 Ky. 50, 27 S. W. (2d) 408. Being final, the additional exceptions and the tendered answer, counterclaim, and cross-petition containing the same grounds were too late. Nolan v. Nolan's Adm'rs, supra. It was the privilege of the heirs to request the court to set aside the order overruling their exception, and open up the case as to the issue raised by this exception. The record discloses they neither sought nor asked this to be done prior to or at the time they tendered the additional exceptions and the answer, counterclaim, and cross-petition. Nolan's Ex'rs et al. v. Nolan et al., 220 Ky. 613, 618, 295 S. W. 893. Upon tendering their additional exceptions and pleading, again they failed to ask, intimate, or suggest to the court the depositions were still absent, or that they wished them read or considered on the issue raised by the original exception, or on the trial of the additional exceptions of the tendered pleading.

The order of June 14th overruling the exception being in full force and effect, and the additional exceptions, and the tendered pleading, containing the identical grounds set forth in the original, the court was authorized and justified in refusing to permit either to be filed. See section 134, Civil Code of Practice. This Code provision applies whether the proceeding is by an exception or a pleading, either of which is authorized in such case.

A careful, diligent analysis of so much of the evidence as is contained in the report of the commissioner is not sufficient to convince us that in the performance of its services as committee and as administrator it did some particular thing or things that a trustee of ordinary skill, care, and diligence, under the same or similar circumstances, would not have done, or failed to do some particular thing or things which a trustee of ordinary skill, care, and diligence would not have left un-

done under the same or similar circumstances. Without some evidence disclosing the conditions and circumstances under which it sold a portion of the United States Foil stock and delayed the selling or failed to sell and reinvest the remainder, its mere delay, or mere nonaction, unexplained, is not evidence of actionable negligence on its part, sufficient upon which to rest a judgment of a court. Negligence is never presumed

The burden of proof being upon the heirs, and the depositions now appearing in the record not having been considered by the court on the trial of the issue raised by the exception, in the circumtsances, no error was committed in overruling it on June 14th; nor in refusing to permit the additional exceptions and the tendered pleading to be filed. This court being without power to try and determine the case on the depositions not filed in, nor before, the trial court at the time of the entry of the order of June 14th, however much we might be inclined to do otherwise, we are constrained to affirm the judgment.

It is affirmed.

The whole court sitting.