# In re Constitutionality of House Bill No. 222.

(Decided Feb. 4, 1936.)

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Denying advisory opinion.

House Bill No. 8, which was passed by the General Assembly and approved by the Governor on January 22, 1936, provides that the Governor by a request in writing, or either House of the General Assembly by resolution of such House, may obtain the written opinion of the justices of the Court of Appeals of Kentucky, or a majority thereof, on important constitutional questions, and all such opinions shall be published in volumes entitled, "Advisory Opinions of C. of A."

Section 1 of House Bill No. 222 provides that no state tax shall be levied, assessed, or collected on real estate. Section 2 imposes a tax of 50 cents upon each $100 of the value of all property which is directed by law to be assessed for taxation, except real estate. Subsection (a) of section 2 imposes a tax of one-tenth of 1 per cent. upon the deposits in any bank, trust company, or combined bank and trust company organized under the laws of the state. Subsection (b) deals with the taxation of building and loan associations.

On January 30, 1936, the House of Representatives, after referring to House Bill No. 8, and the doubt in the minds of the members of the House as to the constitutionality of section 1 of House Bill No. 222, passed a resolution requesting the justices of the Court of Appeals to deliver to the House on or before Tues-

day morning, February 4, 1936, a written opinion as to the constitutionality of House Bill No. 222.

We have had the resolution under advisement, and have given it that consideration which a communication from a branch of a co-ordinate department of the government is entitled to receive.

If the act authorizing the rendition of advisory opinions is in conflict with our Constitution, it imposes no duty, and any opinion expressed in pursuance of action under it is extrajudicial, and no official responsibility attaches to the judges or court voluntarily giving it. In re Application of Senate, 10 Minn. 78 (Gil. 56). It is true that the highest courts of Colorado, Florida, Maine, Massachusetts, New Hampshire, Rhode Island, and South Dakota may render advisory opinions, but it is because the Constitutions of those states expressly impose upon them the duty to render such opinions. In states having no such provisions in their Constitutions, it is generally held that constitutional provisions similar to sections 27 and 28 of our Constitution, dividing the powers of government into three distinct departments, legislative, executive, and judicial, and providing that no person or collection of persons being of one of those departments shall exercise any power properly belonging to either of the others, not only prevent an assumption by either department of powers not properly belonging to it, but forbid the imposition by one of any duty upon either of the others not within the scope of its jurisdiction, and therefore forbid an assignment to the judiciary of any duties not properly judicial and to be performed in a judicial manner. Following this rule the courts take the view that the rendition of advisory opinions is not a judicial act, and may not be required of the courts. Hayburn's Case, 2 Dall. 409, 1 L. Ed. 436; In re Application of Senate, 10 Minn. 78 (Gil. 56); State v. Baughman, 38 Ohio St. 455.

However, we do not have to go that far, Section 110 of the Constitution is as follows:

"The court of appeals shall have appellate jurisdiction only, which shall be co-extensive with the state, under such restrictions and regulations not repugnant to this Constitution, as may from time to time be prescribed by law. Said courts shall have power to issue such writs as may be neces-

sary to give it a general control of inferior jurisdictions."

It will be seen that, with the exception of the power to issue certain writs, a matter not here involved, the Court of Appeals has "appellate jurisdiction only." The word "appellate" is used in contradistinction to the word "original." Original jurisdiction is jurisdiction conferred upon or inherent in a court in the first instance. "Appellate jurisdiction * * * means the review by a superior court of the final judgment, order, or decree of an inferior court." Ex parte Batesville, etc., R. Co., 39 Ark. 82. "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." Marbury v. Madison, 1 Cranch, 137, 172, 175, 2 L. Ed. 60; Auditor v. Atchison, etc., R. Co., 6 Kan. 500, 7 Am. Rep. 575. In the early case of Smith v. Carr, 3 Ky. (Hardin) 305, the court said:

"Appellate jurisdiction, ex vi termini, implies a resort from an inferior tribunal of justice, to a superior, for the purpose of revising the judgments of the inferior tribunal. This, it is believed, is the sense in which the expressions have at all times been used by legal writers. This must be the sense in which they are used in the constitution, and in this sense they have been understood by the legislature; who, in their several acts upon the subject of appeals and writs of error, invariably speak of them, as the means of revising the judgments and decrees of the inferior courts; not as the means of correcting the acts of the ministerial officers of those courts."

The latest case on the question is Stuber v. Snyder's Committee, 261 Ky. 338, 87 S. W. (2d) 614, 617, where we said:

" 'Appellate jurisdiction' means jurisdiction to retry and determine something that has already been tried in some other tribunal."

As the rendition of advisory opinions is in no sense a review or rehearing of a cause that has been tried in a court below, it necessarily follows that House Bill No. 8, conferring the power on the judges to render an advisory opinion, conflicts with section 110 of the Constitution. Auditor v. Atchison, etc., R. Co., supra.

440

Clearly, a power or duty forbidden by the Constitution cannot be conferred on the court by the Legislature, and cannot be exercised by the court or its members. That being true, the members of the court, who are always glad, under proper circumstances, to co-operate with other departments of the government in every possible way, have no alternative except respectfully to decline to comply with the request of the House of Representatives.

A copy of this opinion and response duly attested by the clerk of this court will be delivered to the Speaker of the House of Representatives for presentation to that body.

Whole court sitting.