**James L. WELLS et al., Appellants,**

v.

**Lucia R. WELLS, Appellee.**

Court of Appeals of Kentucky.

May 13, 1966.

Rehearing Denied Oct. 7, 1966.

William A. Young, Johnson & Burton, Frankfort, for appellants.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, for appellee.

MONTGOMERY, Judge.

The custody of Henry Paul Wells, a small boy, is involved on this appeal. The fundamental question is what is best for him. The anticipated unhappiness of disappointed litigants must be ignored. Lewis v. Lewis, Ky., 343 S.W.2d 146. The contest is between the paternal grandparents, appellants, and the mother, appellee. The Chancellor awarded custody to the mother.

In arriving at a decision the Chancellor considered so-called confidential reports received from the Catholic Service, Steubenville, Ohio, Kentucky Department of Child Welfare and Ohio Department of Public Welfare. These reports are not in the record. Appellants' motion in the lower court

to make them a part of the record was overruled. A similar motion by appellants in this court was also overruled.

■■ The problem of this court in reviewing the correctness of the Chancellor's decision is that it cannot be determined whether the decision was based on the testimony by depositions which are properly a part of the record or on the confidential reports which are not in the record, or on both. Normally, matters not a part of the record will not be considered on appeal. Spitzelberger v. South Covington & C. St. Ry. Co., 189 Ky. 493, 225 S.W. 237; Stuber v. Snyder's Committee, 261 Ky. 338, 87 S.W. 2d 614; Curry v. Farmers Livestock Market, Ky., 343 S.W.2d 134. In the latter case an ordinance was not considered because it was not in the record. By parity of reasoning this appeal could be considered without regard to the effect of the confidential child welfare reports. In view of the paramount question of the child's welfare and the injustice that could result, the rule is peculiarly inapplicable here.

■ Nor is this the case where evidence has been received in the lower court and has been omitted from the record on appeal. In such cases there is a presumption that the omitted evidence supports the decision. Penn v. Penn, Ky., 267 S.W.2d 80; Reid v. Reid, Ky., 300 S.W.2d 225. The matter cannot be affirmed on the basis that it is not shown that the Chancellor's discretion has been abused. Renfro v. Renfro, Ky., 291 S.W.2d 46.

The content of the reports or their evidentiary form, if any, is not disclosed. It is not known if the reports had the protection of an oath. Apparently there was no cross-examination. In such reports there may be inadmissible hearsay testimony, condemned in R. H. Kyle Furniture Co. v. Russell Dry Goods Co., Ky., 340 S.W.2d 220, 85 A.L.R.2d 428. The competency and materiality of the content of the reports are matters of conjecture. Such reports may be satisfactory as sources of information for the guidance of the Department of Child Welfare, but it is doubtful if they meet the standards required of testimony in court by which orderly process courts are able to determine the truth.

■ In York v. York, Ky., 280 S.W.2d 553, a divorce action, the court held that where a child has been determined to be a qualified witness his testimony should be given in the presence of the parties or their counsel if it is to be made a basis of the court's decision. See also Schwartz v. Schwartz, Ky., 382 S.W.2d 851. Of course, such action contemplates that the testimony is given under oath. Individual or extra-judicial knowledge on the part of the judge, not the subject of judicial notice, cannot form the basis for findings of fact or the decision of a case. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666; Wyatt v. Webb, Ky., 317 S.W.2d 883.

For these reasons it is doubtful if the confidential reports would have been admissible as evidence in this case. In such posture of the case the Chancellor may have decided the question of custody on matter not in evidence and outside the record which cannot be reviewed by this court. This is reversible error.

Judgment reversed with direction to determine the question of custody without regard to the confidential reports unless the content of such reports can be produced in proper evidentiary form with the usual safeguards and made admissible in evidence.