## Stewart v. Fuson

(Decided February 11, 1913.)

### Appeal from Whitley Circuit Court.

1. **Statutes—Construction of.**—Statutes, highly penal in their nature, must be strictly construed.

2. **Conspiracy—Civil Liability—Actions—Evidence.**—Evidence held to fail to establish a conspiracy by defendant, with others, either unlawfully to detain plaintiff or to cause disobedience to writ of habeas corpus issued on application of plaintiff.

3. **Habeas Corpus—Jurisdiction.**—A writ of habeas corpus cannot lawfully be directed to a police judge, who has not the actual custody of, or is restraining, the person in whose behalf application for the writ is made. Such officer, for disobedience to the writ, is not

subject to the penalty imposed by section 409, Criminal Code of Practice.

4.    Judgment—Causes of Action Barred—Identity of Cause of Action.— An action for the statutory penalty, imposed for disobedience to a writ .of habeas corpus, which writ is, in fact, but a copy of an original writ, is barred by an action, between the same parties, for a penalty. for alleged disobedience to said original writ.

J. N. SHARP and TYE & SILER, for appellants.

R. S. ROSE and P. W. HARDIN, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In 1906, Bond Stewart was the police judge and James Ayers was the marshal of the town of Jellico, Ky. On or about November 6, 1906, William Fuson was brought before the police judge and called upon to testify in matters which the police judge was then investigating. He declined to answer some questions asked him, and the police judge ordered him committed to the city jail for contempt of court. Ayers, the town marshal, thereupon took Fuson into his custody and placed him in the city jail, where he remained for some days. Following his commitment, a writ of habeas corpus was issued by the county judge of Whitley county, directed to both the police judge and town marshal, commanding them to produce the body of William Fuson in court, at the court house, on November 10, 1906, at 9 o'clock A. M., and show cause why said prisoner was detained. It is alleged that this writ was issued on the 8th day of November, 1906, that an additional writ was issued on the 9th day of November, 1906; and that Bond Stewart, the police judge, failed and refused to obey either of said writs. After having remained in confinement for some several days, Fuson was released. Shortly thereafter he instituted suit, for false imprisonment, against the police judge and the town marshal, wherein he recovered a judgment for $100.00 against the police judge. He also filed suit in the Whitley circuit court against the police judge, and the sureties on his official bond, in which he sought to recover from them the penalty, provided by Section 409 of the Criminal Code, for disobedience to a writ of habeas corpus. The trial court held this petition bad upon demurrer. The plaintiff declined to plead further, and the petition was dismissed. He appealed the

case and it was affirmed here. The opinion will be found in 137 Ky., 748. There the court held:

"A careful reading of the provisions of the Code relating to writs of habeas corpus shows that the writ was intended to be directed only to those persons who have the custody of, or who are restraining, the person in whose behalf the application is made; the language being: "The writ must be directed to the person having custody of, or restraining, the person in whose behalf the application is made, etc." While section 409 provides that the party refusing to obey the writ shall pay $1,000 to the person in whose behalf it is issued, it was never intended that this section should apply to any person who refused to obey the writ, even though he never had the custody of the party applying for the writ. Although the petition charges that appellee Bond Stewart had the custody of appellant, this allegation must be construed in the light of the law. Nowhere is the police judge of cities of the sixth class given the custody and control of prisoners."

When the mandate in the case referred to was filed in the lower court, William Fuson instituted another suit against Bond Stewart and the Title Guaranty & Surety Company, in which he sought to recover the penalty provided by section 409 of the Criminal Code. He alleged in his petition, that Bond Stewart, the police judge, and James Ayers, the town marshal, had entered into a conspiracy to falsely imprison the plaintiff; and that, in furtherance of said conspiracy, they had kept him in the town jail in disobedience of a second writ of habeas corpus, which was issued, directing them to produce the body of said Fuson in court at the court house, before the circuit judge or other lawful authority, in order that he might inquire why they were detaining him. Defendant denied that he had ever had the custody of plaintiff, and therefore, denied that he had ever disobeyed the writ of habeas corpus; denied that he had conspired with the town marshal to do so; pleaded that, on the contrary, he had advised the marshal to obey the writ; and that the failure of the marshal to do so, if any there was, was no fault of his. He also pleaded the case of Fuson v. Stewart, et al., supra, in bar of plaintiff's right to

prosecute the action. The surety set up several defenses, but, from the conclusion which we have reached, it is unnecessary to notice them. A trial in the lower court resulted in a verdict for plaintiff for the amount sued for, and the defendants appeal.

The right to prosecute this suit at all rests upon the idea that there were two separate and distinct writs of habeas corpus issued by the county judge. The original papers are before us and, upon a careful examination of them, we are satisfied that there was, in fact, but one writ issued. What is supposed to have been a second writ was merely a copy of the first. This is apparent even from a casual inspection of the writs. One is dated November 9th, the other is type-written, and while "November 8th," is written thereon in type, the figure "9" is written over the "8" in ink. Each is made returnable in court, at the court house, at 9 o'clock, on November 10th. Each is directed to the same parties; signed by the same judge; returnable at the same time and place. It would be immaterial if the judge had issued ten copies. If they were made returnable at the same time and place, issued at the instance of the same party, and directed to the same parties, there could be but one disobedience. In this case, the judge evidently issued the original writ, and then made copies for service, one upon the police judge and the other upon the marshal.

Upon this showing, the plea of former adjudication must be sustained, unless the allegation that appellant, Bond Stewart, entered into a conspiracy with the marshal to refuse to obey the writ, and thereby unlawfully detain appellant in the jail, has the effect to avoid such plea. The section of the Code, under which this recovery is sought, is highly penal in its nature, and its provisions must be strictly construed. Section 402 of the Criminal Code provides that the writ must be directed to the person having the custody of, or restraining, the person in whose behalf the application is made. The fact that it is directed to some one, other than the person having the prisoner in restraint, cannot have the effect of making such person liable; for the writ can lawfully be directed only to those having custody of the prisoner, and necessarily only such persons can disobey the writ. It is not pretended that

the police judge had the actual physical custody of appellant. On the contrary, all of the evidence shows that he was, from the moment of his arrest until his final release, at all times in the custody of the town marshal. In the discharge of the duties of his office of police judge, or what he conceived to be his duties, appellant, Stewart, directed appellee to be by the marshal placed in confinement, in the jail of the town; and this is the extent of his offending, so far as the arrest and imprisonment of appellee are concerned. There is some evidence to the effect that he nailed or tacked one or more boards across the window of the jail in places where they were found to be loose. Appellee was then in jail. There was no showing that he was put in or could have come out, through this window; and certainly the nailing of some loose boards or slats in place over the window, cannot be charged to be an unlawful imprisonment or detaining on the part of appellant, Stewart, when at that time appellee was in the jail in the custody of the marshal. The only fair and reasonable interpretation that can be put upon these acts of the police judge is, that he was either trying to prevent appellee from escaping from the custody of the marshal, or trying to prevent the city property from going to rack. Whatever may have been his motive, there is an utter failure to show or establish, in the slightest degree, that any conspiracy was entered into by the police judge with the town marshal, for the purpose either of unlawfully detaining appellee or of refusing to obey the writ directing him to be brought into court.

Appellee was in the custody of the marshal, and the writ could be directed to him alone. Since the writ could not lawfully be directed to any one save the marshal, no one but the marshal could obey or disobey it. Even though the evidence showed that appellant actually advised and counselled the marshal not to obey the writ, and that the marshal accepted said advice and declined to obey, still appellant would not be liable to the penalty prescribed by section 409, for the simple reason that the penalty is imposed only upon the one who disobeys the writ, and no provision is made for the punishment of those who advise some one else to disobey it. The officer issuing the writ, having no authority to direct it to any one other than the person having the custody of, or

restraining, the person in whose behalf the application is made, the addition of the name of the police judge to the writ of habeas corpus was a mere surplusage, and it has no efficacy or binding force or effect as to him. The marshal alone having custody of, and restraining, the appellee, and the writ having been lawfully directed to him, he alone, for disobedience to it, would be subject to the penalty prescribed by section 409 of the Criminal Code. This being so, the plea of former adjudication as to the imprisonment should have been sustained; and certainly when the evidence utterly failed to show the existence of a conspiracy between the town marshal and the appellant either to unlawfully detain appellee or to disobey the writ of habeas corpus, the jury should have been peremptorily instructed to find for appellant.

Having reached the conclusion that there should have been no recovery against appellant, Stewart, it becomes unnecessary to pass upon the rights of the bonding company.

Judgment reversed and cause remanded for further proceedings consistent herewith.