### In re Frank WINBURN.

Court of Appeals of Kentucky.

Jan. 30, 1959.

Thomas W. Hardesty, Bruce W. Henneberg, Newport, for appellant.

MONTGOMERY, Chief Justice.

Frank Winburn appeals from an order of the Campbell Circuit Court denying his application for a writ of habeas corpus. Winburn complains that he is imprisoned under an order of the Campbell Circuit Court revoking his probation on a conviction for contempt of court, with an accompanying sentence of one year's confinement in jail. His appeal from the order revoking the probation was dismissed. See Franklin Benjamin Winburn v. Melba Loraine Winburn, decided December 5, 1958, not reported. Winburn was arrested in obedience to an order of the Campbell Circuit Court following the issuance of the mandate on the appeal dismissal.

By his application, Winburn charged that the Campbell Circuit Court judgment is void for lack of jurisdiction and that his conviction in the police·court of Fort Thomas was a bar to the action of the circuit court. Criminal Code of Practice Section 177.

In the petition, it was alleged that the petitioner was arrested by Norbert Roll, sheriff of Campbell County, and placed in the Newport city jail. By amendment, it was alleged that he was confined in the Campbell County jail. Neither pleading named a respondent. No person was charged specifically with detaining the applicant without lawful authority.

Criminal Code of Practice Section 402 provides in part:

"The writ must be directed to the person having custody of, or restraining, the person in whose behalf the application is made, and must command him to have the body of such person, at the courthouse of the county in which the writ is served, before the officer before whom the writ is made returnable, at a time therein specified."

■ In Stewart v. Fuson, 152 Ky. 137, 153 S.W. 247, it was held that a writ of habeas corpus cannot lawfully be directed to anyone not having the actual custody of the person named with restraining such person. It is elemental that the person charged with holding one in unlawful restraint or imprisonment must be named in the application. 25 Am.Jur., Habeas Corpus, Section 125, page 236. This is usually done by designating that person as respondent. Unless such person is named, the officer authorized to issue the writ is in ignorance of the name of the person to whom the writ should be directed.

■ An examination of the record reveals that either the unnamed jailer of the Newport city jail or the unnamed jailer of the Campbell County jail may have the applicant in custody and that the applicant seeks to charge Norbert Roll, sheriff of Campbell County, with the alleged improper restraint. Under this state of record, the court very properly denied the application.

Judgment affirmed.