**Michael EILERS et al., Appellants,**

**v.**

**Lonnie C. CARPENTER, Executive Director of the Louisville and Jefferson County Children's Home, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

James A. Crumlin, Louisville, LeRoy Clark, James M. Nabrit, III, and Jack Greenberg, New York City, Anthony G. Amsterdam, Philadelphia, Pa., for appellants.

James Brown, Louisville, for appellee.

James A. Hubbs, Louisville, for intervenor-defendant.

WADDILL, Commissioner.

This action seeking a writ of habeas corpus was instituted by a mother on behalf of her five infant children to obtain their release from the Louisville and Jefferson County Children's Home. This home obtained custody of these children pursuant to an order of the Jefferson Circuit Court. These children were residing in the above named home when the Jefferson Circuit Court refused to issue a writ of habeas corpus.

Petitioners have appealed to this Court. The parties to the appeal concede that during the pendency of the appeal the Jefferson Circuit Court awarded the custody of these children to their father, George Eilers, who presently has their physical custody. In these circumstances the question arises whether the Court should consider the merits of this appeal since George Eilers was not a party in the habeas corpus proceedings in the circuit court.

In this character of case the Courts are concerned only with deciding which party to the habeas corpus action is entitled to immediate possession of the children. Dake v. Timmons, Ky., 283 S.W.2d 378. A writ of habeas corpus cannot be directed against anyone not having the actual custody of the children. In Re Winburn, Ky., 320 S.W.2d 622; Stewart v. Fuson, 152 Ky. 137, 153 S.W. 247.

In the instant appeal the party against whom the writ was sought no longer has custody of these children. Hence we are unwilling to consider the appeal on its

merits, i. e., whether the circuit court erred in denying appellants a writ of habeas corpus against the Louisville and Jefferson County Children's Home since such a consideration would be only of academic value.

The appeal is dismissed.