**Anna Frances EILERS (now Anna Anderson), Appellant,**

**v.**

**George F. EILERS, Appellee.**

Court of Appeals of Kentucky.

March 17, 1967.

James A. Crumlin, Louisville, Jack Greenberg, James M. Nabrit, III, Leroy D. Clark, New York City, Anthony G. Amsterdam, Philadelphia, Pa., for appellant.

James A. Hubbs, Louisville, for appellee.

DAVIS, Commissioner.

For the third time we have before us litigation involving a child custody struggle between the divorced parents of five children. The most recent phase of the matter was dealt with in Eilers v. Carpenter, Ky.,

406 S.W.2d 830. An earlier appeal wherein the mother-appellant and the father-appellee were parties was dismissed on January 14, 1966, because the appeal was not timely filed.

We have never reached the merits of the controversy, and we are not able to adjudicate the case upon the merits in the present appeal, for the reasons hereinafter set forth.

The trial court denied the appellant-mother's prayer that she be awarded the custody of the children; the court awarded custody of all the children to the appellee-father.

In order to illustrate the reasons for our present holding we furnish an outline of the factual background involved. The appellant and appellee were married in 1950, and divorced June 14, 1963. They were the parents of five children, the oldest of whom is a girl, 14 years old at this time. The mother had the children at the time of the divorce although there was no formal judgment awarding her custody of them. The mother married Marshall Anderson, a Negro, in Chicago, Illinois, in January 1964. The mother and father, as well as the five children, are of the Caucasian race.

The father filed supplemental pleadings in the divorce action, on February 13, 1964, seeking custody of the children. By judgment entered September 29, 1964, the trial court denied the father's request for custody, but removed the children from the mother's custody; it was the court's order that the children be placed in two Catholic homes for orphans in Louisville. However, the Catholic homes did not receive the children, whereupon the trial judge ordered that their custody be transferred to the Juvenile Court of Jefferson County. The Juvenile Court, on February 18, 1965, placed the two oldest children with the appellee-father and the three youngest with the appellant-mother. On February 25, 1965, the trial judge ordered that the five children be removed from the custody of their parents; the appeal of the mother from that order was dismissed by this court on January 14, 1966, as untimely filed. The children were placed in various homes by the Juvenile Court authorities pending the ultimate decision now on appeal.

■ In the course of the hearing which culminated in the judgment now under consideration, the attorneys for appellant undertook to inquire of a witness with respect to a letter which the witness had written to the trial judge and as to a response to the letter by the judge. The witness was the executive director of the Louisville and Jefferson County Children's Home, to which the children had been committed. The trial judge refused to permit any interrogation about the letters, and specifically declined to permit them to be made part of the record by way of avowal. CR 43.10 relates to the avowal procedure, and directs that in actions tried by the court, without a jury, avowals shall be permitted " * * * unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged." The purpose of the rule is obvious. Absent the proffered testimony by avowal, a reviewing court has no means by which it may adjudicate the propriety of the ruling. It may not be said of the letters that they were inadmissible "on any ground," nor is it suggested that any "privilege" of a witness was in issue. In a matter as delicate as the one at bar, we must regard this departure from authorized procedure as reversible error. Cf. Wells v. Wells, Ky., 406 S.W.2d 157.

■ In our view, the trial court erred in refusing to receive in evidence a tendered criminal record of the appellee. The basis for the court's ruling was that the matters in the record had occurred prior to September 29, 1964, and therefore did not have relevance as to a change of conditions since that time. The difficulty with that position is that the appellee-father was found to be unfit in the September 1964 judgment; there really was no necessity for putting his record in evidence in the proceedings leading to the September 1964 order.

■ It is likewise true that the trial court should have received evidence offered by the appellant-mother respecting the appellee-father's alleged abuse of the children during the time before the divorce. That phase of the matter had never been in real issue between the parties, and it is our view that the entire background of the domestic relations of these persons should be disclosed in order that all pertinent factors may be weighed in striking the balance of the equities of the case.

No reason appears which would warrant interference with the custody order from which this appeal was taken. That order shall remain in effect until further order of the trial court or any court of competent jurisdiction. All matters presented upon this appeal which are not disposed of herein are reserved.

The judgment is reversed for proceedings consistent with the opinion.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, OSBORNE, PALMORE, and STEINFIELD, JJ., concur.

HILL, J., dissents.

HILL, Judge.

I respectfully dissent from the majority opinion in this child custody case.

This is the third time the custody of these five children has been presented to this court, and each time the court has shied away from the real issue and relied upon technicalities to avoid facing up to it. In the meantime, the children have been shifted from pillar to post, including the Jefferson County Children's Home. They are growing up unsettled and without the stability of supervision. The parents of these children were divorced in June 1963. Appellant, the mother, was granted a divorce at that time on the ground of cruel and inhuman treatment. The divorce judgment found appellee, the father, "unfit" to have

their custody and that the divorce was caused by his "failure * * * to properly care for his family."

It is my opinion the mother has been deprived of her lawful right to her children solely on the fallacious argument that she has married a member of the Negro race. This is evident from the following statement by the trial court:

"The Court is compelled to take notice of the racial unrest prevalent at this time, and of the struggle on the part of the colored race for equality with the white race. Of course, we realize that this 'equality' is a relative word and we use the phrase merely to call attention to the fact that in rearing these children in a racially mixed atmosphere will *per se indoctrinate* them with a psychology of inferiority. We think that subjecting these children to such a hazard would be in *negation of their* 'best interests.'" (Emphasis added.)

The record contains no evidence of unfitness insofar as the mother is concerned. Neither is there evidence that the present husband of appellant is unfit. There is some indication that he left some marks on some of the children in attempting to correct them, but such conduct does not render him unfit to have their joint custody along with their mother. On the contrary, this circumstance, to me, is evidence of fitness. The adage "spare the rod and spoil the child" may be old and outmoded, but it is, nevertheless, sound.

RCA 1.185 provides for advancing child custody cases. This rule is now in the process of amendment so that such cases will be advanced automatically and have preference over other litigation. The purpose of this rule will be thwarted if other unimportant technical rules of procedure are followed.

I would disregard technical consideration and expeditiously award the custody of the five children to their mother.