**Ralph Duane PERKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 90–CA–2723–MR.

Court of Appeals of Kentucky.

June 26, 1992.

Richard Clay, Danville, for appellant.

Chris Gorman, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and HAYES and JOHNSON, JJ.

JOHNSON, Judge.

Appellant, Ralph Duane Perkins, was convicted of conspiracy to traffic in or transfer a controlled substance (cocaine) in violation at KRS 218A.140, 218A.990(1) and 506.040, and sentenced to five years in the state penitentiary. Appellant raises a variety of issues on appeal. However, since the conviction must be reversed on one issue alone, and since the other issues most likely will not arise at a new trial, we will address only the issue of whether the trial court erred in refusing to allow appellant to make an avowal. We find the trial court did err, and we must reverse and remand for a new trial.

During 1989 the Kentucky State Police (hereinafter "KSP") used the services of Benjamin Stokes, a local drug dealer and user turned informant, to investigate drug dealing in Mercer County. On December 1, 1989, Stokes while working with KSP was given money for a cocaine buy and wired with a recording device. For some reason the recording device did not work and did not record any of the events that were alleged to have occurred when Perkins was alleged to have participated in a conspiracy to traffic in or transfer cocaine. The exact reason that the tape recorder did not work is the root of this appeal.

During the course of the trial a witness for the Commonwealth, Detective James Henderson, testified in regard to the audio surveillance methods used in monitoring the activities of Stokes. Counsel for Perkins sought to cross-examine Henderson about the operation of a tape recording machine. The Commonwealth objected claiming that the line of questioning was irrelevant, and the trial judge sustained the objection. Counsel for appellant next attempted to question Henderson about the

tape recorder by avowal. Based upon the trial judge's determination that the questions were irrelevant and might impair future investigations, the trial court refused to allow counsel for appellant to make an avowal.

CR 43.10 Avowals (applicable via RCr 13.04) reads as follows:

> In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, upon request of the examining attorney, the witness may make a specific offer of his answer to the question. The court shall require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed, except that the court upon request shall take and report the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged.

In *Eilers v. Eilers*, Ky., 412 S.W.2d 871, 872 (1967), Kentucky's Highest Court noting the obvious purpose of the rule stated "[a]bsent the proffered testimony by avowal, a reviewing court has no means by which it may adjudicate the propriety of the ruling." It is important to point out that *Eilers* was an action tried by the court without a jury where there is at least some discretion available. In the current action, tried before a jury, there is no discretion available to prevent counsel from making an avowal. Accordingly, the trial court's refusal to allow the avowal constitutes clear reversible error.

The Commonwealth cites *Thompson v. Commonwealth*, Ky., 652 S.W.2d 78 (1983), and *Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549 (1985), in support of its position that the trial court did not err in refusing to allow the questioning concerning the tape recorder. However, the issue before this Court is whether the trial court erred by refusing to allow counsel for appellant to make an avowal. Without the avowal it is impossible for this Court to determine whether the testimony concerning the operation and condition of the tape recorder, and the tape recording device itself, is relevant evidence. The trial court must make that decision concerning admissibility of the evidence based on all the circumstances that are presented at the new trial.

We are mindful of the legitimate concerns of law enforcement in not impairing future investigations. However, an accused's right to confront his accusers as guaranteed by the Sixth Amendment of the United States Constitution and Section 11 of the Kentucky Constitution cannot be denied. The trial court can make every effort to protect both of these sometimes conflicting interests so long as it does not result in the defendant being denied this most basic and cherished right of confrontation. We recognize that this dilemma often results in the government having to make some unpleasant choices. However unpleasant the choices may be, the right of confrontation must not be infringed.

The judgment is reversed and remanded for proceedings consistent with this opinion.

All concur.