Tim HOGG, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 92–CA–1604–MR.

Court of Appeals of Kentucky.

Nov. 20, 1992.

Reconsideration Denied Dec. 16, 1992.

Leslie A. Bradshaw, Hazard, for appellant and Representing Himself on the Contempt Citation.

Chris Gorman, Atty. Gen., Frankfort, for appellee.

Before DYCHE, HAYES and SCHRODER, JJ.

DYCHE, Judge.

On September 22, 1992, the Clerk of this Court received a motion to file a brief in excess of the page limitation provided for in CR 76.12(4)(b)(i). With the motion that was tendered was a 78–page brief. Because of other technical deficiencies in both the brief and the motion, neither could be filed. After correction of the technical deficiencies, the motion was filed, and the brief was tendered on September 28, 1992.

By order dated October 16, 1992, this Court denied appellant's motion for leave to file a brief in excess of 25 pages. Appellant was given fifteen (15) days within which to reduce the tendered brief to the length required by CR 76.12(4)(b)(i).

On October 29, 1992, counsel for the appellant tendered another brief to the Clerk of this Court. That brief, with pages numbered 1 through 25, was accompanied by a supplemental appendix containing the originally submitted 78–page brief. The first 24 pages were unchanged from the brief initially submitted by counsel with the sole exception that a paragraph had been added to the top of page 3 to note the denial of the motion to file the 78–page brief. The page numbered 25 listed the four points argued in pages 25 through 76 of the original brief and added an additional point concerning violation of the appellant's right to effective assistance of counsel due to denial of the motion to file the 78–page brief. Counsel goes on to state that the motion and the proposed brief and the order denying the motion to file it were included as an "offer of proof" in a separately bound supplemental appendix which counsel alleges is permitted by CR 76.-12(4)(c)(vi), which permits the including of "any pleading or exhibits to which ready reference may be considered by the appellant as helpful to the appellate court."

After examination of the tendered brief and appendix, the Clerk's office promptly presented the matter to the Chief Judge who entered a show cause order directing counsel for the appellant to appear before a panel of this Court to show cause why he should not be held in contempt for enclos-

ing the 78–page brief in an appendix after leave to file the brief had been denied.

Attorney Leslie A. Bradshaw, attorney for the appellant, appeared before the panel of this Court at 4:00 p.m. on November 5, 1992. Attorney Bradshaw also filed a written response and a written supplemental response.

Having considered the written response as filed by Attorney Bradshaw and having considered Attorney Bradshaw's oral presentation before this panel, the Court finds Attorney Bradshaw's explanations to be inadequate. Attorney Bradshaw is found to be in contempt of Court.

■ This Court recognizes the necessity for diligent representation of litigants by their attorneys. This Court also recognizes and respects vigorous and innovative argument of counsel. However, this Court also recognizes and will require counsel to respect the fact that advocacy must be conducted within the limitations provided by the rules of practice. CR 76.12(4)(b)(i) limits the appellant's brief in the Court of Appeals to 25 pages. Counsel requested, by motion, to exceed this limitation, but that leave was denied. Counsel did not request reconsideration of that order and made no effort to reduce the size of the brief.

Counsel's references to *Perkins v. Commonwealth*, Ky., 834 S.W.2d 182 (1992), are inappropriate. Counsel's brief is argument and is not evidence. Counsel's action here bears no similarity to the offer of evidence to the trial court. Counsel made no request to have the rejected brief made part of the record of the appellate court.

■ For counsel to have included the entirety of the rejected brief as an "appendix" was a violation of the rule, disrespectful to this Court, and contemptuous of this Court's order of October 16, 1992.

We recognize that there are cases in which the Court should, and does, permit the filing of briefs in excess of 25 pages. This has not been shown to be such a case. We do not wish to burden this opinion with specifics, nor do we intend to conduct an editing class for Attorney Bradshaw, but we cannot help but note from a casual reading of the brief that it contains a great deal of irrelevant and unhelpful material. The issue is whether marijuana is to be dried before weighing to determine the sufficiency of the material to charge a felony. We do not need paragraphs comparing the water retention weight of pregnancy to the water component weight of " 'Mary Jane' freshly borne from the field...." We do not need extensive footnotes on the relative weight of root material in freshly harvested marijuana. We do not need paragraphs on "puffing" in contract law, nor on the deleterious effects of dampness on the quality of marijuana, nor on the use of water in manufacturing liquid amphetamine, nor on the use of water in the manufacture of crack cocaine, and so on.

It has not been demonstrated that competent counsel could not have briefed this case with due respect for the appellant's rights to representation and still remain within the 25 pages allowed by Civil Rule CR 76.12.

For record purposes, the Clerk of this Court is ORDERED to RETAIN a copy of the brief for appellant and the supplemental appendix tendered by Attorney Bradshaw on October 29, 1992. That material, together with the written responses filed by Attorney Bradshaw, shall become part of the Court's permanent record of this case.

For the reasons stated above, Attorney Leslie A. Bradshaw is found to be in CONTEMPT of this Court's order of October 16, 1992. For such contempt, Attorney Bradshaw is ORDERED to pay a FINE of $50.00. The fine shall be paid to the Clerk of this Court within fifteen (15) days of the date of this order. Further, the Court ORDERS that the Clerk of this Court serve a copy of this order on the Executive Director of the Kentucky Bar Association as a report of Attorney Bradshaw's conduct in this matter.

Finally, the brief and supplemental appendix tendered by Attorney Bradshaw on October 29, 1992, is hereby STRICKEN except for the single record copy referred to above. Attorney Bradshaw is hereby

ORDERED to redraft the brief for the appellant in this matter and to tender to the Clerk of this Court a brief fully complying with the requirements of CR 76.12 within twenty (20) days of the date of this order.

All concur.